*181 OPINION of the Court, by
Ch. J. Boyle.
Luckett and Miller having become special bail for Metcalfe, at the suit of Austin, the latter sued out a scire facias against them upon their recognizance, which was retained executed on Luckett, and Miller not found. An alias scire facias was then sued out, widen was returned executed upon Miller. Metcalfe having been surrendered before the appearance day of the second scire facias, Luckett and Miller jointly plead the surrender in bar of an exe-sutiori upon the recognizance, Austin demurred, and; *182 upon the demurrer the court below gave judgment for execution against Luckett for the amount of the judgment against Metcalfe, am! for the costs of the scire fa-cias 8jS to him, and discharged Miller, but gave judgment against him for the costs of the scire facias as to him.
Sejolved, that by the return of the firft fci, fa. executed without furren. der, L was fixed j but by Surrender he fore the return day of the je% candy M was difeharged.
cannot afiign bis otan fault in pleading tor
The first and principal question which the assignment of error presents, is whether the surrender of Met-calfe, after the appearance day of the first, hut before that of the second scire facias, operates as a legal discharge of Luckett ?
It is provided by act of assembly, (1 Littell 4g5) that “ every special bail may surrender the principal before the court where the suit hath been or shall be depending, at any time cither before or after judgment shall be given, provided such., surrender be made before the appearance day of the first scire facias returned executed, or of the second returned nihil f’ and it is furthermore provided that such surrender shall discharge the hail, but that judgment shall be given against him for the costs of the scire facias.
It is contended that as the scire facias was a joint one against both the bail, that it cannot be said to be executed until it was served up»n .Miller as well as Luckett j and it is therefore inferred, that according to the provisions of the act just recited, the surrender of the principal before the appearance day of the second scire facias which ivas executed upon Miller, discharges Luckett as well ns him.
This argument is bottomed entirely upon the supposition that a joint scire facias upon a recognizance of special hail partakes of the nature of other joint actions, and that it must in like manner have a joint operation and effect. But this supposition does not appear to be correct. The plaintiff1 may bring either an action of debt or a scire facias upon a recognizance ; and if he proceeds in the former way, he is at liberty to bring either one action against all the persons bound in the recognizance, or several actions against each of them $ hut if he brings one action against them all, he cannot charge them severally: for the judgment and execution must be joint, as the action is so. But one scire, facias is sufficient to charge them severally, because the purport of the scire facias being to have execution according to the form aud effect of the recognizance, which is. *183 jVnt and several, it follows that although the scire fa-das be joint,the execution may be several. — 2 Saun. 726. If then a scirefadas operates severally as well as jointly, it results that on the return of the iir^t scire jadas executed upon Luekett, execution might have been awarded against him, and that he must have then been fixed as much as he would have been if the scire facias had been brought against him alone ; and if so, the subsequent surrender, though sufficient to discharge Miller, could not operate to discharge him.
Another question made by the assignment of error which seems necessary to be noticed, is, whether as both the. bail joined in the pica, it was not on that account bad for both, and that judgment should have been given against both ?
This objection to the plea might have been entitled to weight, perhaps, if it had come from the plaintiff in the scire facias ; but it. cannot with propriety be made by either of the defendants : for that would in effect be taking advantage of a fault in their own pleading. Besides, Luckett cannot be injured by it: for if he liad plead a several plea, the judgment must have been rendered against him.
Judgment affirmed with costs and damages.