*420 OPINION of the Court, by
Ch. J. Boyle.
This was an-ejectment. A joint demise to the plaintiff'by James, Samuel, John and Charity Harrison, and Mary Hedges, late Mary Harrison, is laid in the declaration. On the trial of the cause upon the general issue, the lessors of the plaintiff, in support of their title, produced in evidence a patent from the commonwealth for the landi» d'spate to Samuel Harrison, deceased, who was their father, and the last will of said Samuel Harrison, deceased, by which he devised the said tract of land to his sons “ Samuel, James, William and John, and their heirs forever, according to quantity and , quality, each taking possession of his part when he comes of age.” But it one or more of them should die before he or they came of age, then lie devised “ his or their part to he equally divided amongst the survivors,” The lessors of *421 the plaintiff then preyed that William Harrison harl departed this life childless ; and they set lip claim to the land, the three brothers as devisees of their father, and they and their sisters, the other lessors of the plaintiff, as heirs of their deceased brother William Harrison.
Upon the dtatB of one oft tne ofcVilets Before he became of age, his pare defended to he lurvivífíg 0⅛⅜ i-1 ees , but it he. dieu aiter k» then to 'his brothers and fillers : and in ah ejectment by '.hen» jointly, they múft prove that fie died alter iug bí a6e.
The defendants thereupon moved the court to instruct the jury that the demise laid in the declaration was not supported by the evidence. But the court directed the jury to find a verdict for the plaintiff, subject to the opinion of the court; and the parties consented that the question of law might be reserved by the court, and that if the law be for the defendants, the judgment of'the court should be entered for them ; but ifthe law be with the plaintiff, then the judgment of the court should be entered agreeably to the verdict. A verdict was found according to the direction of the court; but ⅛⅜ court beinaaf opinion the law was with the defendants, gave judgfflfcnt for them ; to which this writ of error is prosecuted. ,
It is pretty, clear that the estate devisqd by S|rauel Harrison to his sons, was an estate in common, and not a joint estate; and if so, the three surviving brothers could not have recovered the part which they claim as devisees, upon a joint demise made by themselves, even without joining others; for it is a settled rule, that tenants in common cannot recover in an ejectment, upon a joint demise. But ⅞ it were a joint estate, still they could not recover the part which they claim as devisees in this case : for as. they have joined with their sisters in the demise laid Tri the declaration, and ⅛¾ evident their sisters have no interest in that part, it necessarily., results that they have failed to show such a jointjtitle to that part as would justify a recovery upon the joint demise. So that whether the part which the three surviving brothers claim as devisees, be an estate ⅛ common or a joint one, it is equally clear they cannot recover that part in this case.
With respect to the part which was devised by their father to their deceased brothel* William Harrison, the right of recovery depends upon the question whether William died before or after lie came of age. Ifthe laei be assumed that before his death he had arrived at the age of twenty-one, then it is clear that the fourth part of the tract became, according to the will of his father, vested in him absolutely, and on his death descended in *422 coparcenary to his brothers ami sisters, the lessors of ^e plaintiff. As coparceners it would certainly be regular for them to join in a demise, because their estate is joint. Nor in such a case would it make any differ-, ertce that their estate consists of an undivided part: for if one persisn who holds an undivided'intercst with others may recover pro tanto, as has been often ruled by this court, most unquestionably several persons having a joint interest in a part of an undivided tract of land, may in like manner recover according^to their interest. But if the truth be, that William Harrison died before he became of age, then according to the will of his father the part devised to him passed to his surviving brothers ; audit is dear from what has been already remarked, there could be no recovery on the joint demise made by them and their sisters for that part. The evidence, however, as stated in the bill of exceptions, does not show when William Harrison died. But as tne lessors of the plaintiff could only be entitled to a recovery ’in this Case by showing that his dt'ath happened after Ids coming- of age, and there is no proof conducing to establish that fact, it is evident we cannot say the court below erred in deciding against them.
Judgment affirmed with costs.