Judge Mills
delivered the opinion of the court.
This is an ejectment, wherein the plaintiff declared on the joint demise of John M. Conn, William Conn, James Conn, Hezekiah Conn, Flournoy and wife, Ware and wife, Broadus and wife, Hallaek and wife, Notley Conn, Obaia Conn, and Hezekiah Conn. On the trial the plaintiffs proved title in Thomas Conn, the elder, and his descent cast to his heirs, who are named and identified by the evidence to be some of the lessors of the plaintiff; but failed to shew that James Conn and Broadus and wife were two of the heirs, or that any thing descended or passed to them as such. The whole evidence is spread upon the record, and was admitted as correct, and not questioned by either party, nor is it deemed necessary to detail it at length. The defendants on this evidence thus admitted, moved the court below to instruct the jury that the plaintiffs had no right to recover any part of the land in contest, which instruction, the court accordingly gave; and the correctness of this instruction is presented for the decision of this court.
It is deemed wholly unnecessary to examine whether this instruction can be supported by any other feature in the *242 evidence than the one above noticed. For it is a settled principle in ejectment, that if the plaintiff, on the trial on a joint demise of several lessors, fails to shew that all were entitled, and that all could make and unite in the lease, although he shall shew that some of them could have made the lease, he shall not recover for any part—See Harrison vs. Botts, 4 Bibb, 420; Dickey vs. Armstrong’s devisees, 1 Marshall, 39. The plaintiff, then, having failed to shew in the present case that James Conn and Broadus and wife had title on the day of the demise, the court below, did right, for this reason only, if no other presented itself, in instructing the jury that the plaintiff could not recover any of the land in contest.
In eject’mt. on a joint demise by several, all must shew title at the date of the demise, or none can recover.
Talbot and Pope for appellants, Hardin contra.
The judgment must, therefore, be affirmed with costs.