THIS was a scire facias to have execution upon a recognizance or special bail taken by the suei'in in an action of detinue. The scire facias was sued out against five persons, as special bail, and was executed upon four of them, and the fifth was returned -4 no inhabitant.” As to the latter, the scire facias was ordered to be abated, and the defendants upon whom it was returned executed, appeared and demurred to the scire facias. They also pleaded two pleas ; in the first of which, they alleged that M’Daniel, their principal, on the 30th of September 1821, previous to the return of the scire facias executed, rendered his body to prison in execution, in custody of the jailer of Adair county, (where the judgment in the original action was obtained,! in discharge of the recognizance. In the second plea, they alleged that they surrendered their principal to the iaiier of Adair county, on the-day of October 1821, previous to the appearance day of the scire fadas. To these pleas the plaintiff demurred. The circuit court overruled the demurrer to the scire facias, and sustained the demurrer to the pleas ; and the defendants failing to answer further, judgment was awarded against them, from which they have appealed to this court.
2. Various points are made, by the assignment of error, we shall first notice that which relates to the abatement of the scire facias, as to the defendant who was returned 44 no inhabitant.” Such a return is evidently unknown to the law. At common law, the proper return, where the scire fadas could not be executed, was nihil, or that the defendant had nothing whereby he could be warned ; and under the act of assembly of 1801, (1 Dig. S,tat. Law 257",) which author *286 ises a scire facias to be executed like a capias ad. respon. dcndum, where no bail is required, the return in such case is, that the defendant is not found; and the return, either at common law or under the statute, does not justify or require an abatement of the sdre facias; for a new one may thereupon issue, and it being returned in like manner, a judgment may be entered against the defendant. The return, therefore, in question here, was illegal, and did not authorise the abatement of the sdre facias as to the defendant who was returned no inhabitant.
The plaintiff may nave a joint scire facias on a recognizance of special bail against all who are bound in the recognizance, yet he may have a several execution awarded against either of them, and consequently, neither of them can take advantage of any irregularity in the proceedings againstthe other.
recognizance of spe eial bail, endorsed on the writ iri the singular number and signed by three, is bill, ding bn all, although tbe names of all are hot inserted in the body of the recognizance.
*286 3. But we do not apprehend that the other defendants can avail themselves of this defect. A sdre fadas upon a recognizance, is not like a sdre facias upon a judgment; for, in the latter case, as a judgment against several is joint, the sdre facias must be so too; whereas, a scire facias upon a recognizance partakes of the nature of the recognizance, which being joint and several, the sdre facias has a joint and several operation and effect. Nor is it like an action of debt upon the recognizance; for although, in the latter case, the plaintiff may bring a several action against each person bound by the recognizance, or a joint one against them all, yet, if lie pursues the latter course, he cannot charge them severally; for the judgment and execution must be joint, as the action is so: Whereas, one sdre facias is sufficient to charge them severally ; for the purport of the sdre facias being to have execution according to the form and effect of the recognizance, which is several as well as joint, it follows, that although the sdre facias is joint, the execution may be several — 4 Bibb 182, 2 Saund. 726. Sf, then, the plaintiff may, upon a joint scire fadas against all who are bound in the recognizance, have a several execution awarded against either of them, it will result, that neither can take advantage of any irregularity in the proceedings against the other and, of course, the abatement as to the defendant who was returned no inhabitant, in this case, cannot avail the others, or render the judgment against them errone. ous.
4. The points made by the assignment of error which we shall next notice, arise out of the demurrer to the sdre facias. These are two : 1st, That the recognizance is in itself defective; and 2d, th$t the sheriff *287 having failed to return the names of the bail, the re cognizance is hot one upon which a scire facias will lie. As to the first of thesé points, the recognizance is endorsed upon the writ in the original action, in the form prescribed by the 7th section of the act of 1810, except the names of only two of the bail are inserted in the body of the recognizance, and the recognizance is in the first person singular, instead of being in the first person plural. But as the names of all the bail are subscribed to the recognizance, it must be* taken to be the act of each of them; and the variation from the form prescribed by the act of assembly, cannot, we apprehend, be deemed material; for the act only requires a substantial, not a literal or verbal compliance with the form it prescribes. Nor can the grammatical impropriety, in the use of the singular instead of the plural number, affect the validity of'the recognizance ; for it is an established maxim, that mala grammatica non vitiat cartam.
It is not necessary for the sheriff to return the names of the special bail otherwise than in the recognizance.
A surrender of himself by the defendant, or a surrender of him by the bail, within the time prescribed by our act of assembly, discharges the baif,
5. The second point arising on the demurrer, pre. sents no difficulty. The act. of assembly does not re quire the sheriff to return the names of the special bail, nor is it the practice to return them, otherwise than as they compose a part of the recognizance. It would, in fact, be useless tautology to do so, since the recog. nizance, with the names of the bail, is endorsed upon the writ, and of course must be returned with it.
6. The only points which remain to be noticed, arise out of the demurrers to the pleas. It is pretty certain, that neither of these pleas can be deemed good at common law. At any time before the return of the capias ad satisfaciendum, the render of the prin. cipal was a matter of right, and might he pleaded as a bar to an action of debt, or a scire facias upon the recognizance; but after the return of non est inventus to the capias ad satisfaciendum, as tlie condition of the recognizance was thereby broken, the surrender of the principal was, at common law, no longer a matter of right 1 and such subsequent surrender could not be pleaded in discharge of the recognizance—1 Tidd’s Trac. 238-9, 1 Ld. Ray. 156-7. If, however, the principal rendered himself, or was surrendered by the bail, at* any time before the return of the second scire fadas, the bail might be relieved, upon motion, which was done by favor of tjle court, and not esc debita juslL *288 tim. But now, by a statutory provision of this country, which has long been in force, the bail is permitted to surrender the principal at any time before the return of the first scire facias executed, or of the second returned nihil; and the statute declares, that “ upon such surrender, tire bail shall be dischargéd”—. 1 Dig. Stat. 250. Such surrender, therefore, is, in virtue of the statute, not a mere matter of favor; as it was at common law, but of strict right; and it may, no doitbt, be pleaded, under the statute, in discharge of the bail, as a surrender, before the return of mem est invent us to the capias ad respondendum, might have been at common law.
A surrender to the jailer of the county where the judgment was obtained is sufficient, although the suit may have been removed by change of venue, and although the act of 1796 requires the surrender to be made to the sheriff;
7. It results, then, if the surrender alleged in the pleas in question, be in conformity with the provisions of the statute, that they must be held good. The only difference between the surrender, as alleged in the pleas, is that, in the first, it is averred to have been by the principal himself, and in the second it is averred to luive been by his bail. But this is not essential. The surrender might be made by either the. hail or the principal, at common law ; and the legal effect, under tiie statute, will, we apprehend, be the same in either case. We may, therefore, with propriety, consider them together. The surrender is required by the statute, to be made before the court where the suit has been, or shall be depending, or to the sheriff of the county where the original writ was served ; and the surrender alleged in the pleas, was to the jailer. It must be conceded, therefore, that the surrender was not in strict conformity to the letter.of the statute; but this is a remedial statute, and it is not its letter alone, but its reason and spirit, we should consult. For this purpose, we should recollect, that at the time the statute passed, the sheriff was jailer ; and when the surrender was made to him after judgment, the statute requires him “to keep the defendant in his custody, in the same manner, and subject to the same rules as are provided for debtors in execution, for the .space of twenty days, unless the creditor, his attorney or agent, shall sooner consent to his discharge.” This, it is obvious, he could do only in the capacity of jailer; and this circumstance affords a convincing proof, that the surrender was required to be made to him. not because be was sheriff, but because he. wits *289 jailer. But the sheriff is not now, as be was when the statute passed, ex officio, jailer. The two offices are distinct, and are confided to different persons; aqd if the surrender, in such case, were made to the sheriff, he could not comply with the statute, but by delivering the debtor over to the jailer. Without, therefore, deciding that a surrender to the sheriff Would not be good, we have no hesitation in saying, that a surrender to the jailer is more conformable to the reason and spirit of the statute.
But there is another respect in which the surrender alleged by the pleas in this case, does not conform to the letter of the statute ; for the statute provides that the surrender shall be made to the sheriff of the county where the original writ was served, and it appears that the writ was served in Cumberland county, where the suit was commenced, and from whence it was removed by change of venue to Adair county, and the surrender is alleged to have been made to the jailer of the latter county. But here again we must appeal from the letter, to the reason and spirit of the law. This provision was evidently intended for the ease and convenience of the bail, in cases in which the writ may have been sent to a different county from that in which the suit was brought; and surely if the bail chooses to forego that convenience, and to surrender the debtor in the county where the suit was brought and the judgment obtained, the creditor cannot and ought not to object. It is doing more than the statute requires of the ¡sail, and it operates not to the prejudice, but to the advantage of the creditor, who may thereby, with less trouble, charge the defendantin execution. Besides, as the suit was removed from the county where it was commenced, all the incidents ought to be considered as being removed $ and in that view, Adair was the proper county in which the surrender should have been made.
We are, therefore, of opinion that each of the pleas is good, and that the circuit court erred in sustaining the demurrers thereto.
The judgment must be reversed with costs, and the cause be remanded, and the plaintiff have leáve to withdraw his demurrers to the pleas, and reply, if he should ask leave to do so, and if not, that judgment shall be given on the demurrers for the defendant.