Judge Underwood,
delived the Opinion of the Court.
Pleasant and Robert" Blakey, having instituted a suit - in chancery against Thomas Blakey,- obtained a restraining order, enjoining the removal without the jur.isdic *461 tion of the court, of certain slaves in the bill mentioned, and requiring the execution of bond, with security, to have them forthcoming, to abide the decree.
A bond is executed,the object and condition of which, arc, to secure the respective rights of the several gees to make a release which obligees,as they shall be ascertained by a chan eery suit— as the forthcoming of slaves in which each one claims an interest: it is not competent for one of the obli- ¿ _ _ _ . shall aüect the rights of the others; and the release of one, who had no interest, or had transferred his interest, so that nothing was awarded to him by the decree, is void. A plea, to an action on the bond, setting up a release by such obligee, is a departure, and the issue, whether oflaw or fact, immaterial.
Thomas Blakey gave the bond, as required. In the' body of the bond, Thomas Blakey and John Clark are named as the obligors, but- there is no mention of Gil-; mour. At the foot of the bond, however, there are, three seals, and the name of Gilmoitr is set opposite thej last, as an obligor.
This is an action of covenant, founded on the bond thus executed, instituted in the names of'Pleasant and Robert Blakey, for the use of Pleasant, against Thomas Blakey and Gilmour, as surviving obligors.
The defendants filed various pleas. The cause went off upon demurrers to replications, filed to the first, third and fifth pleas.
The first and third pleas, in substance, rely upon a release executed on the 22nd March, 1832, by Robert Blakey, releasing the defendants from liability on their bond.
The fifth plea, as matter of defence, avers that Robert Blakey dismissed the chancery suit in the declaration mentioned, and had obtained no decree for any part of the slaves, or their value ; and that one third of the value of said slaves was, in said suit, decreed to Thomas Blakey.
The replications filed to the first and third pleas, attempt to avoid the effect of the release, by averring, in substance, that Robert Blakey, before the execution of the release, towit, on the 7th of April, 1825, by a written instrument, transferred all his interest to William Davenport; that the suit progressed, and the court rendered a decree in favor of said Davenport, for said Robert’s interest — which decree is proffered to the court; and that said Robert, at the time of making the release, was suing, for the use of said Davenport — consequently, had no right to make the release, and therefore the same was fraudulent and void. The replica *462 tion to the fifth plea avers,, that, before Robert Blakey dismissed the chancery suit, he transferred all his imeresfc amoimting to one third of the slaves, to William Davenport, by. a written instrument; that the suit in c[iancery continued, in the name of Pleasant Blakey, for the use of said Pleasant and said Davenport, and that a decree was rendered in their favor, severally, for two thirds of the slaves.
We are of opinion,-that the whole of said pleas and replications are irrelevant, and a departure liotu the-true cause of action as set out in the declaration. Tire issues formed thereon, whether of law, or.fact, were immaterial.
The condition of the bond is, to hold the slaves, “subject to any order or decree of the court, anti within reach of its process.” The decree was rendered in October, 18á8, directing the sale of the slaves, and an equal division of the proceeds between Pleasant Blakey, Thomas Blakey, and William Davenport.' The nature and extent of the liability of the obligors depended upon the character of the decree which might be rendered in the suit to which the bond referred. The object of the bond, when taken, was to. secure the rights of both obligees, as they might be settled by the decree, and to the extent of the property on which the restraining order was made to operate, if, by the decree it appears, that either obligee has.no interest, then such obligee has nothing to release of any substantial benefit, and no release which he may attempt to execute* should be allowed to operate against the clear rights of the other obligee, who has a valuable intreeat at stake. The bond binds the obligors to take notice of the decree which shall be rendered, and the declaration sets out the decree, which shows on its face, that Robert Blakey had no right to any part of the slaves. The action was brought for the sole use of Pleasant Blakey, and so stated in the writ and declaration. The pleas, therefore, which set up a release from Robert Blakey, were no defence to the action in favor of Pleasant, indeed, it appears, that the process was executed on the defendants., before the pretended release was given by Robert Bla *463 key. The case is-very different from that of one of two joint obligees undertaking to release a debt or duty actually due to both.
Action upon a bond to several, conditioned that certain pioperty, involved in a suit in chancery, shall be produced, to abide the decree: plea that one of the obligees dismissed the suit, so far as hewas concerned, and obtained no decree, is bad. If there is no such decree as the declaration avers, issue should be taken no the averment
A writing obligatory binds all who sign it, as obligors — as well those not named in the body, as those who are.
Where the interest and canso ofaction,oftwo or more joint covenantees, is several and not joint, each may maintain his separate action bn thecovenant;— and if the several covenantees join in an action to enforce the separate right of one, the misjoinder is fatal, and the declaration bad on demurrer.
The fifth plea was no answer to the declaration. If no such decree had been rendered as that set out in the declaration, issue should have been taken, by denying the averment. If Robert Blakey had dismissed the suit so far as he was concerned, that circumstance could not operate against Pleasant Blakey. The plea itself shows, ■here was not' a total dismissal of the suit, leaving the merits of the controversy undecided.
The court, therefore, upon the demurrers, should have given judgment against fhe pleas; for the matter set up by them, constituted no good defence to the action as made out in behalf of Pleasant Blakey, who is in substance the sole plaintiff.
But it is objected, that the bond on which the action is founded, is not binding on the defendant Gihnour, because he is not mentioned in the body of it, but is excluded as a party, by the maxim expressio unius est exclude/ allerius. The case of Bruce vs. Colgan, 2 Litt. Rep. 287, is an authority in point, and shows that a person who subscribes the instrument, is bound, although his name is not inserted with other obligors in the body of it.
It is further objected that the declaration is bad, because Pleasant and Robert Blakey were improperly joined as plaintiffs ; and therefore it is insisted, that, as the whole of the pleadings are before the court upon the demurrer, judgment should have been given against the declaration. ?
This objection is well taken. In Thomas vs. Pyke, 4 Bibb, 420, it is said to be “well settled, that although a man may covenant with two or more jointly, yet, if the interest and cause of action be several, the covenant shall be taken to be several, though the words of the covenant be joint.” 1 Saund. 154, note 1, is referred to. Take the bond in connection with the decree, and it will appear, that tiie obligors are liable to the obligees severally, and notjointly. The declaration shows, that the obligors were liable to Pleasant Blakey alone, for *464 running off the negroes, whereby, he was deprived of that portion of the money decreed him, which would have been raised by the sale of the slaves, had they remained subject to the decree. There is no propriety in making Robert Blakey a joint plaintiff, in order to recover this money. Cases may readily be imagined, where there would be a striking impropriety in uniting all the obligees as joint plaintiffs. For instance, suppose a dozen complainants, and a decree against a single defendant, that he pay A so much, B so much, and so on, directing specific sums to be severally paid to each complainant — from which decree the defendant appeals, and executes an appeal bond to all the complainants jointly. If the decree is affirmed, each appellee should have his separate action for-the sum due him. Were they compelled to unite in a joint action, and joint r - covery, it would put the rights of A at' the disposal of B, who might receive all the money and leave A remediless.
Wherefore, on account of the defect of the declaration, the judgment is affirmed with costs. This suit will not bar other proceedings, by action in the name of Pleasant Blakey alone.