## STERNBERG v. THE STATE.

1. BAIL: *Release: Surrender of his principal to sheriff.*
   Bail may surrender his principal by procuring a certified copy of the bail bond and delivering it to the sheriff and having him to arrest the principal. The actual arrest by the sheriff is equivalent to a delivery of the defendant to him by the bail, and releases the bail from liability on the bond.

APPEAL from *Franklin* Circuit Court.

Hon. G. S. CUNNINGHAM, Circuit Judge.

*M. Sternberg*, *pro se.*

Where a defense is vaguely or badly stated, the remedy of plaintiff is by motion to make more certain, and not by demurrer. (*31 Ark.*, *379*, *657*; *32 Ib.*, *132*, *315*.) The answer may have been defective in form, but enough appeared to meet a general demurrer.

*I. L. Fielder* for appellant.

Appellant complied with all substantial requirements of the statute. *Gantt's Digest*, *secs. 1732–3–4*.

ENGLISH, C. J.   William Lane being in custody under an indictment for a misdemeanor, M. Sternberg executed a bail bond for his appearance in the Circuit Court of Franklin County to answer the charge.

At the June term, 1882, a forfeiture was taken on the bond, and to a *scire facias* upon the forfeiture, Sternberg pleaded in substance as follows:

"That on or about the last day of January, 1882, he, Sternberg, applied to J. O. Alston, clerk of the said Circuit Court, for a copy of said bail bond upon which he was surety for the appearance of William Lane at said court from term to term, etc., to answer a charge made against him in an indictment for selling liquor, etc., and that accordingly said clerk caused his deputy, Bettis Alston, to make a duly certified copy of said bail bond, which was on said day delivered to this defendant; and by him placed in the hands of R. C. Shores, sheriff of said county, with positive directions to re-arrest said William Lane, which the said sheriff at once proceeded to do, and did do, the said William Lane then being in Ozark in said county. That immediately after said sheriff had arrested the said William Lane, as above stated, he, the said sheriff, stated to the said William Lane that M. Sternberg having sur-

rendered him, he, the said William Lane, could file another bond at his leisure; and thereupon said William Lane was released by the said sheriff in the manner as last above stated.

"[That, as defendant is advised, the said Lane afterwards escaped from the custody of said sheriff, but has since been re-arrested, and is now released from custody upon a new bond duly executed and now on file in said court. That his failure to take a receipt from said sheriff, Shores, was due alone to his ignorance of such requirement].

" All of which he is ready to prove. Wherefore he prays the court to set aside said forfeiture, and order said bail bond canceled and held for naught."

The above paragraph in brackets, was interlined by permission of the court after the plea was filed.

The court sustained a demurrer to the plea interposed by the State, and, defendant resting, final judgment was rendered against him for $250, the penalty of the bail bond, and he appealed.

Section 1732 Gantt's Digest provides that " at any time before the forfeiture of their bond, the bail may surrender the defendant, or the defendant may surrender himself to the jailer of the county in which the offense was committed; but the surrender must be accompanied by a certified copy of the bail bond, to be delivered to the jailer, who must detain the defendant in custody thereon as upon a commitment, and give a written acknowledgment of the surrender, and the bail shall thereupon be exonerated."

This section is the same as section 81 of the Kentucky Criminal Code (Myer's Kentucky Code, p. 587) under which the Court of Appeals held that the surrender must be made to the jailer and not to the sheriff, but it seems the sheriff there was not the jailer. See *Schnieder v. Commonwealth, 3 Metcalf, 410; Bruce v. Cobzan, 2 Littell, 288.*

But here the sheriff is *ex officio* jailer, though he may appoint a jailer, for whose conduct he is responsible. (*Gantt's Digest, chapter 77.*) And no doubt the bail may make a valid surrender of his principal to the sheriff. But the plea alleges no surrender to the sheriff in compliance with the section of the statute above copied. It alleges that the bail placed in the hands of the sheriff a certified copy of the bail bond with directions to re-arrest the principal. But this was not a surrender of the principal to the sheriff by his bail.

There are two further sections of the statute, however, as follows:

" Section 1733. For the purpose of surrendering the defendant, the bail may obtain from the officer having in his custody the bail bond or recognizance, a certified copy thereof, and thereupon at any place in the State arrest the defendant, or, by his written indorsement thereon, authorize any person over the age of twenty-one years to do so.

" Section 1734. The bail may arrest the defendant without such certified copy."

When appellant placed in the hands of the sheriff a certified copy of the bail bond, with directions to re-arrest Lane, as alleged in the plea, the sheriff was not obliged to make the arrest, and might have declined to do so, and required appellant to surrender him into his custody; but the plea alleges that the sheriff did at once proceed to arrest Lane, and stated to him that appellant had surrendered him, and that he could file another bond at his leisure, and thereupon released him, etc.

If in fact the sheriff arrested Lane, and took him into his custody, at the request of appellant, as alleged, this was in legal effect a surrender of him, and appellant was exonerated, and if the sheriff released him, or permitted him to escape after such arrest, he, and not appellant, was respon-

sible. When the sheriff took him into custody, he was no longer in the keeping of appellant as his bail.

The plea is not artfully drawn, but it presents a substantial defense to the *scire facias*.

The judgment must be reversed, and the cause remanded with instructions to the court below to overrule the demurrer to the plea, and it will stand for trial on the truth of its allegations.

No consequence is attached to the allegations of the plea that after Lane escaped he was re-arrested, and gave another bail bond. There may be successive bail bonds, and a liability upon each.