## CARTER v. THE STATE.

1. CRIMINAL PRACTICE: *On bail bonds. Surrender of principal by bail.*

Carter, the security in a bail bond of Spain, surrendered his principal to the Deputy Sheriff (or supposed Deputy), in the manner provided by the statute, on the 31st day of October, 1882. The Sheriff had been elected in 1880 and again in 1882, and was qualified under the last election on the 30th day of October, 1882, but had not been commissioned. After his qualification on the 30th he had not reappointed the deputy. It did not appear that either the surety or the deputy knew that the Sheriff had qualified under his new term on the day before. The surrender seemed regular, according to law, and in good faith and without collusion of the surety [for the escape of the principal. *Held*, in a suit against the surety on the bail bond, that the parties had reason to believe that the deputy was an officer *de jure* as well as *de facto* and that the surety should be discharged.

APPEAL from *Sebastian* Circuit Court.

Hon. R. B. RUTHERFORD, Circuit Judge.

*Clendenning & Sandels* for appellant.

Wright, to whom appellant surrendered Spain, was a Deputy Sheriff. Falconer, the Sheriff, had not qualified under his new election.

As to the sufficiency of the surrender see *Sternberg v. State*, 41 *Ark.*

*C. B. Moore, Att'y Gen'l*, for the appellee.

Wright, was not a Deputy Sheriff, and the surrender to him of Spain was not a delivery to the Sheriff or jailor.

EAKIN, J. Appellant was surety in a bail bond of one Spain, charged with a misdemeanor. Spain failed to appear in accordance with its terms. The bond was declared forfeited and the State proceeded by the statutory mode against

the surety. Carter pleaded a delivery of the prisoner to the Sheriff with copy of the bail bond. The case was submitted to the court, and it was shown on trial that appellant had delivered the prisoner according to law to a deputy, or supposed deputy of the Sheriff, on the 31st day of October, at a place ten miles distant from the County site. The receipt for the prisoner was endorsed on the copy of the bail bond in the name of the Sheriff by the deputy. The Sheriff had been elected and qualified in 1880, and re-elected in 1882. After his re-election he qualified by taking the oath of office on the 30th day of October, 1882, but did not receive his commission until a few days later, in November. After his qualification on the 30th he had not renewed the appointment of the deputy before the next day when the prisoner was received.

The court held that the powers of the deputy had ceased upon the 30th, and that a delivery to him was not valid. Judgment was rendered accordingly against the surety, from which he appeals.

The receipt for the prisoner was in the Sheriff's own name by deputy, and there is nothing to indicate that he had ever repudiated his former deputy's action. It is most probable that neither the surety nor the deputy knew, at the time, that the Sheriff had qualified under his new term on the day before. He had not then received his commission. Everything seemed to have been done regularly, in the utmost good faith, with the intention of complying with the law and with no appearance of collusion on the part of the surety, with the subsequent escape of the prisoner.

This is certainly a great hardship, and must have so appeared to the Hon. Circuit Judge, who nevertheless felt constrained " *strictissimi legis* " to hold that the deputy had no further power to bind his principal. In this we think he was too rigid. There is a certain amount of discretion, to a

limited extent, in the breast of Circuit Judges, in determining the validity of excesses set up by sureties, and in this case, where the officer was certainly one *de facto,* and where the parties, without any laches, had every reason to believe he was one *de jure,* we think the legal doctrine regarding dealings with officers *de facto,* might without danger to the public, have been applied in exoneration of the surety.   Of course each case will stand upon its own circumstances and it will devolve on the judges to see that this doctrine is not abused.   We think it most just to remand this cause with these remarks, for further proceedings, in accordance with these views.

Reverse and remand.