HESTER *v.* STATE.

Opinion delivered October 11, 1920.

1. BAIL—SURRENDER OF ACCUSED.—A bond given under Kirby's Dig., § 2173, to procure accused's release pending appeal to the Supreme Court, is a bail bond and is governed by the general statutes relating to bail bonds.

2. BAIL—RIGHT TO SURRENDER PRINCIPAL.—Substantial compliance with the statutes relating to surrender of the principal is all that is necessary to release the bail, so that a surrender of the principal by the bail releases the latter, though a receipt from the sheriff is not taken and the surrender was made without a certified copy of the bond, as provided by Kirby's Dig., § 2178.

Appeal from Greene Circuit Court, Second Division; *R. E. L. Johnson,* Judge; reversed.

The appellants *pro sese.*

1. The bond in question is a bail bond, the conditions of which were fully satisfied by the surrender of Tom Gibson in compliance with Kirby's Digest, §§ 2176-7-8; 2 Comyn (A) (Bail); 2 Chitty's Blackstone 290; 1 Ark. 152. See also §§ 2171-2-3 of Kirby's Digest. The true doctrine as to the law of this case is laid down in 45 Ark. 385. See, also, 47 *Id.* 388; 50 *Id.* 132-140; 48 *Id.* 305; 76 *Id.* 443; 137 *Id.* 402. Section 2173, Kirby's Digest, should be construed in connection with sections 2176-7, and all other statutes as to bail bonds, and it follows that there can be and was a legal surrender of Gibson which discharged the bond. 42 Ark. 127; 43 *Id.* 132; 134 S. W. 562. See, also, 70 W. Va. 417; 74 S. E. 439; Ann. Cas. 1913 E, 453; 16 Wall. 371; 10 La. Ann. 393; 112 Ga. 744. The surrender of Gibson and the release of Woods released Hester. 40 Ark. 322; 100 *Id.* 515; 3 A. & E. Enc. Law (2 ed.), 710; 12 La. Ann. 652; 31 *Id.* 715; 71 Ark. 498-500.

2. It was error to instruct a verdict for plaintiff. On the law and evidence the judgment should be reversed and case dismissed.

*John D. Arbuckle,* Attorney General, and *Silas W. Rogers,* Assistant, for appellee; *Geo. A. Barr* and *Luna & Bratton,* of counsel.

The bond is an appeal bond which operated as a stay of judgment, and sections 2176-7-8, Kirby's Digest, relate to a surrender before and not after conviction. In order to discharge the bond, appellant must show that the delivery of Gibson fulfilled the requirements of the appeal bond and the act of 1899. The performance of all requirements of Kirby's Digest, sections 2176-8, did not discharge the sureties. 46 Ark. 413. The condition of the bond "that Gibson should surrender himself in the Supreme Court" on final judgment was broken and the condition never performed.

HUMPHREYS, J.   Appellee instituted suit against appellant, I. H. Woods and J. B. Jarvis, in the Second Division of the Greene Circuit Court, to recover $10,000 on a bond conditioned that Tom Gibson, who had been convicted of murder in the second degree and appealed from the judgment, would surrender himself in the Supreme Court upon the dismissal of the appeal or upon rendition of a final judgment upon said appeal, in obedience to the orders and mandate of said court.

Appellant pleaded, in addition to other defenses, that two days after the bond was signed and approved, Tom Gibson, at the instance of his co-bondsman, I. H. Woods, surrendered to the sheriff of Greene County, which surrender fulfilled the conditions of the bond.

The cause was submitted on the pleadings and evidence, which resulted in a directed verdict against appellant for $10,000, and the rendition of a judgment in accordance therewith.   From that judgment an appeal has been duly prosecuted to this court.

The facts are that, after Tom Gibson was convicted of murder in the second degree, he appealed from the judgment of conviction to the Supreme Court of the State and executed a bond with appellant and I. H. Woods as sureties, pursuant to and in accordance with section 2173 of Kirby's Digest, which is as follows:  "On appeals to the Supreme Court in criminal cases the defendant shall be permitted to give bail pending the appeal in such amount as the court may think proper and safe, in all cases, except in appeals from a conviction of a capital offense."

The bond was executed, filed and approved on the 18th day of May, 1918.   On the 20th day of May, two days thereafter, I. H. Woods, cosurety with appellant, during appellant's absence in Texas, through the instrumentality of a deputy sheriff, turned the custody of Tom Gibson over to the sheriff and *ex-officio* jailer of Greene County, Arkansas, who accepted him.   Thereafter, on the same day, the sheriff released Tom Gibson on the substitution of the name of J. B. Jarvis on the bond for

I. H. Woods' name, which bond, thus signed, was refiled and approved without the knowledge or consent of appellant. Later, the Supreme Court affirmed the judgment against Tom Gibson and declared a forfeiture on the bond. This suit was then instituted upon the bond.

Appellant insists that the bond in question is a bail bond, the conditions of which were fully satisfied by the surrender of Tom Gibson, in substantial compliance with sections 2176, 2177 and 2178 of Kirby's Digest, which are as follows:

"Section 2176. At any time before the forfeiture of their bond the bail may surrender the defendant, or the defendant may surrender himself, to the jailer of the county in which the offense was committed; but the surrender must be accompanied by a certified copy of the bail bond to be delivered to the jailer, who must detain the defendant in custody thereon as upon a commitment and give a written acknowledgment of the surrender, and the bail shall thereupon be exonerated."

"Section 2177. For the purpose of surrendering the defendant, the bail may obtain from the officer having in his custody the bail bond or recognizance a certified copy thereof, and thereupon, at any place in the State, arrest the defendant, or by his written indorsement thereon authorize any person over the age of twenty-one years to do so."

"Section 2178. The bail may arrest the defendant without such certified copy."

On the contrary, appellee contends that the bond in question is an appeal bond, which operated as a stay of the judgment of conviction exactly as an appeal bond in civil cases, and that sections 2176, 2177 and 2178 of Kirby's Digest relate to a surrender before, and not after, a conviction.

Appellee is in error in saying that the bond after conviction, provided for in section 2173 of Kirby's Digest, supersedes the judgment of conviction. The appeal itself does that. The bond effectuated the release of Tom Gibson from custody during the pendency of the

appeal. Section 2173 of Kirby's Digest, providing for bond after conviction, characterizes the bond as a bail bond, and is clearly an extension of the right of bail after conviction. Being an extension of the bail statutes then in existence, it can not be said it was enacted without reference to other laws on the subject. It is not an independent statute, and its provisions are consistent with other laws on the subject. Sections 2176, 2177 and 2178 of Kirby's Digest are general statutes applicable as well to surrenders after as before convictions and *pari materia* with sections 2172 and 2173 of Kirby's Digest.

It is also suggested by appellee that the surrender of Tom Gibson was not effected in the manner provided by statute, in that no receipt was taken from the sheriff for his body and the surrender was made without a certified copy of the bond. It is provided in section 2178 of Kirby's Digest that "the bail may arrest the defendant without such certified copy;" and substantial compliance with the statutes on surrender is all that is required. *Sternberg* v. *State*, 42 Ark. 127; *Carter* v. *State*, 43 Ark. 132.

For the error indicated, the judgment is reversed and the cause dismissed.