EX PARTE GRAHAM.

## Opinion delivered October 24, 1921.

1. BAIL—SURRENDER.—Where an accused person out on bail was actually surrendered by his sureties to the proper officer and was accepted by the latter without requiring a delivery of a copy of the bail bond, such surrender constitutes a substantial compliance with the statute, so as to effect the release of the sureties from further liability.

2. BAIL—AUTHORITY TO REDUCE.—Under Crawford & Moses' Dig. § 2938 a committing magistrate who has fixed the amount of accused's bail has no authority subsequently to reduce the amount of the bail.

3. BAIL—AUTHORITY TO TAKE.—Crawford & Moses' Dig. § 2938, providing that, "the defendant, after commitment and before commencement of the next term of the court having jurisdiction to try the offense, may be admitted to bail in the sum fixed by the committing magistrate by such magistrate," etc., was repealed by the later act (Crawford & Moses' Dig., § 2951) authorizing the sheriff to take bail in such cases.

Certiorari to Nevada Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*J. O. A. Bush,* for petitioner.

*J. S. Utley,* Attorney General, for respondent.

McCULLOCH, C. J. Appellant brings up for review, by writ of certiorari, the record in proceedings before the chancellor where bail was sought. The prayer of the petition below was denied on the face of the record without the introduction of testimony. So we must test the correctness of the chancellor's ruling by the facts appearing upon the face of the record.

Petitioner was arrested in Nevada County on a charge of felony, and was carried before a justice of the peace, who held an examining trial on August 19, 1921, and committed petitioner to await the action of the grand jury at the next regular term of the Nevada Circuit Court, to be held in January, 1922.

The magistrate fixed bail in the sum of $2,000, which was given before that officer, and petitioner was released from custody. Subsequently the sureties on

the bail bond surrendered petitioner to the sheriff of the county, who took him into custody and still holds him in the county jail. The surrender was made without delivering to the sheriff a certified copy of the bail bond, but it is recited in the response of the sheriff in the present proceedings that the bond had been lost by the committing magistrate. Nothing else appears in the record in regard to the failure to furnish a copy of the bond.

On September 16, 1921, there appeared before the committing magistrate, according to the record of that officer now before us, the attorney for petitioner and the deputy prosecuting attorney of the county, and an order was entered reducing petitioner's bail to the sum of $1,500, reciting that this reduction was agreed upon between the two attorneys. It is also recited in the order that a bail bond was then presented to the committing magistrate and approved. The sheriff, according to his response in this case, declined to approve the bond on the ground that the sureties were insolvent and petitioner is still in jail.

The first contention of counsel is that the surrender of custody of petitioner to the sheriff was not made in accordance with the statute in that a certified copy of the bond was not furnished, and that for that reason the surrender was illegal, and the first bond is still in force, which entitles petitioner to be discharged from custody. The statute provides that "the bail may surrender the defendant, or the defendant may surrender himself, to the jailer of the county in which the offense was committed; but the surrender must be accompanied by a certified copy of the bail-bond to be delivered to the jailer." Crawford & Moses' Digest, § 2961. The two succeeding sections provide that "the bail may obtain from the officer having in his custody the bail-bond or recognizance a certified copy thereof, and thereupon, at any place in the State, arrest the defendant," or that "the bail may arrest the defendant without such certified copy." The recital of

the sheriff's response is that the bail-bond was lost, but this did not deprive the sureties of the right to surrender the accused into the custody of the sheriff. According to the express language of the statute, the sureties had the right to make the arrest without a copy of the bail-bond and surrender the accused to the sheriff, and the furnishing of bond was only for the protection of that officer. Only substantial compliance with the statute is required, and the actual surrender of the person of the accused to the proper officer, and the acceptance by that officer, even without a delivery of a copy of the bond, constitutes substantial compliance with the statute, so as to effectuate the release of the sureties from further liability. *Sternberg* v. *State,* 42 Ark. 127; *Hester* v. *State,* 145 Ark. 347. This disposes of the petitioner's claim to the right to be discharged under the first bond.

It is next contended that the committing magistrate was the proper officer to approve the second bond, and that petitioner should be discharged under that bond, notwithstanding the refusal of the sheriff to approve the bond. There is no question raised about the validity of the order of the committing magistrate reducing the amount of the bail subsequent to his original order fixing the amount. The order reducing the bail was made upon agreement between the deputy prosecuting attorney and counsel for the accused, and the refusal of the sheriff to approve the bond was not based on the reduction of the amount. The real controversy on this feature of the case relates to the question which of the officers was authorized, under the statute, to approve the bond tendered after the accused was taken into custody when surrendered to the sheriff on his former bail bond. The ground of the sheriff's refusal was, as before stated, that the sureties were insolvent, and there is no attempt in the present proceedings to show that the sheriff's refusal was arbitrary, or without justification, if he was authorized by statute to approve or disapprove the bond.

Section 2937 of Crawford & Moses' Digest, which was section 60 of the Criminal Code, reads as follows:

"If the defendant is committed to jail, the magistrate shall make out a written order of commitment, signed by him, which shall be delivered to the jailer by the peace officer who executed the order of commitment. If the offense is bailable, the magistrate must fix the sum for which bail is to be given, and, if sufficient bail is offered, take the same and discharge the defendant. If, however, sufficient bail is not offered, the sum in which bail is required must be stated in the order of commitment."

It is clear from this section that a bond offered at the time of the commitment is to be approved by the committing magistrate, but that, if bail is not offered at that time, the amount thereof shall be fixed and stated in the order of commitment. Section 61 of the Criminal Code reads as follows:

"The defendant, after commitment, and before the commencement of the next term of the court having jurisdiction to try the offense, may be admitted to bail in the sum fixed by the committing magistrate, by such magistrate, or by the judge of the probate court; but, after the commencement of the term of the court, he can only be admitted to bail by the court or the judge thereof."

Mr. Gantt in digesting this section of the Code erroneously substituted the words, "or the circuit court, or the judge thereof, in vacation," in the place of the words, "or by the judge of the probate court." Gantt's Digest of 1874, § 1715. This error has been brought forward in all of the later digests. Crawford & Moses' Digest, § 2938. Doubtless the error occurred inadvertently by reason of the fact that when the Digest of 1874 was compiled probate jurisdiction had been transferred to the circuit court, and in all instances where the statute referred to the probate court the digester changed it to read "circuit court." The change was made in the section now under consideration upon

the theory that the change in probate jurisdiction called for a change in the wording of this section. The change, however, was inappropriate from the fact that the authority conferred by this section on the judge of the probate court to approve bail was a ministerial and not a judicial act, and if it had been judicial it could not, under the Constitution, have been conferred upon the probate court. The question then arises whether this statute should be construed to give authority to the committing magistrate, or the probate judge, after commitment of a prisoner, to change the amount of bail as originally fixed by the committing magistrate, or whether it merely conferred authority to accept and approve bail in the amount originally fixed by the committing magistrate. We are of the opinion that this section only conferred authority to accept bail in the amount originally fixed. It provided, in express terms, that at any time "after commitment and before the commencement of the next term of the court" the accused may be admitted to bail "in the sum fixed by the committing magistrate, by such magistrate, or by the judge of the probate court." If it was intended to allow the committing magistrate to change the amount of bail, it would not have been necessary to put in the words "in the sum fixed by the committing magistrate." The use of these words negatives the idea that the magistrate should have the authority to reduce the amount of bail. Besides the same expression which confers authority on the committing magistrate to admit to bail applies with equal force to the judge of the probate court, and it is not conceivable that the framers of the statute meant to confer such authority on that officer.

Section 2940 Crawford & Moses' Digest was section 78 of the Criminal Code and reads as follows:

"The sheriff arresting a person under a warrant or other process, in which it shall appear that the person is to be admitted to bail in a specified sum, may take the bail and discharge the person from actual custody.

A sheriff taking bail shall be officially responsible for the sufficiency of the bail, as in taking bail in civil actions.''

In the case of *Pinson* v. *State*, 28 Ark. 397, the question arose whether or not the sheriff had authority to accept bail of a person in his custody under indictment where the amount of bail was fixed by order of the circuit court and the prisoner had not been arrested by the sheriff under bench warrant. The contention of the sureties against whom liability on the bond was sought was that the sheriff had no authority to accept the bond because he had not made the arrest, though the accused was in his custody. The court decided that the sheriff who had the accused in custody, regardless of the manner of acquiring custody, had authority to accept bail in the amount fixed by the court. Shortly after that decision was rendered, the Legislature enacted a statute which was approved November 12, 1875, and now digested as § 2951, Crawford & Moses' Digest, which reads as follows:

''When a sheriff shall commit to the common jail of his county any prisoner, under a bench warrant, in a bailable case, when the amount of bail has been fixed by the circuit judge, and when he shall so commit, under a warrant from a magistrate who has fixed the amount of bail, it shall be lawful for said sheriff to take the bail and discharge the prisoner in the same manner as he could have done before the said commitment.''

This statute makes clear the authority of the sheriff, after commitment, to accept bail in the amount fixed, either by the circuit court, on a bench warrant, or by a committing magistrate in the order of commitment. The use of the concluding words of this section shows that the purpose of the lawmakers was to make clear the authority of the sheriff to accept a bond after commitment the same as he had theretofore been expressly authorized to do in case of making an arrest under a bench warrant containing an order fixing the amount of bail. This statute expressed in clear terms

what this court had in substance decided in *Pinson* v. *State, supra,* to be the effect of section 78 of the Criminal Code, but it was the last expression of the legislative will and must control in all instances where doubt arises. We are of the opinion that the enactment of this section displaced all other authority for accepting bail after commitment and, by implication, repealed section 61 (Crawford & Moses' Digest, § 2938), which gave authority to the committing magistrate or the judge of the probate court to accept bail after commitment. It is a statute covering the whole subject of accepting bail after commitment, and therefore must be deemed to have entirely supplanted the other section conferring such authority on other officers. Our conclusion, therefore, is that the sheriff was the proper officer to approve the bond; and, since his approval has not been obtained, the chancellor was correct in his order refusing to discharge the petitioner from custody.

The writ of certiorari is therefore quashed, and the order of the chancellor affirmed.

HART, J., (dissenting). The court has held that § 2951 of Crawford & Moses' Digest repeals § 2938 of the Digest by implication, and from this holding I respectfully dissent.

Secs. 2937, 2938, 2943, 2944, and 2955 of Crawford & Moses' Digest are sections of the Criminal Code, which was adopted in 1869.

Sec. 2943 provides that admission to bail is an order from a competent court, or magistrate, that the defendant be discharged from actual custody on bail.

Sec. 2944 provides that the taking of bail consists in the acceptance by a competent court, magistrate, or officer of the undertaking of sufficient bail for the appearance of the defendant, etc.

Sec. 2937 provides that if the defendant is committed to jail the magistrate shall make a written order of commitment. It provides further that if the offense

is bailable, the magistrate must fix the sum for which bail is to be given, and, if sufficient bail is offered, take the same and discharge the defendant. The concluding sentence of the section is that if sufficient bail is not offered, the sum in which bail is required must be stated in the order of the commitment.

Sec. 2955 provides that if the defendant is committed to jail and the application for bail is made to a magistrate, or judge, it must be by a written petition.

Sec. 2938, which was § 61 of the Code, provides how the defendant may be admitted to bail after commitment. In plain terms it says that the defendant, after commitment, and before the next terms of the court having jurisdiction to try the offense, may be admitted to bail in the sum fixed by the committing magistrate. This part of the section is too plain for construction, and means that the defendant may be admitted to bail in the sum fixed by the committing magistrate which § 2937 requires to be stated in the commitment.

Now, who is to admit the defendant to bail in the sum fixed by the committing magistrate? This is shown by the succeeding language of the section which provides that it shall be done by such magistrate, meaning the committing magistrate, or the circuit (probate) court, or judge in vacation. I cannot see any reason for holding that these provisions of the Code are repealed by implication by § 2951. of the Digest. The only purpose of this section is to give the sheriff power to take bail in the amount fixed by the court in the warrant of commitment. The committing magistrate still has the power conferred upon him by § 2938. There is no invincible repugnancy between the two sections. Because the power is also given to the sheriff to take bail is no reason why it should be taken away from the committing magistrate. Of course the Legislature might have done so, but it is sufficient to say it has not done so.

Conferring the power upon the sheriff to take bail after commitment is not inconsistent with the committing magistrate having such power. Therefore, there can be no repeal by implication.

There was no such taking up of the whole subject anew by the Legislature as to indicate that the several provisions of the Code above referred to were intended to be repealed by the enactment of § 2951.

The record shows that the defendant applied to the committing magistrate under § 2938, and was admitted to bail by such magistrate. Therefore, the sheriff should have discharged him. He might have under § 2951 applied to the sheriff to take bail in the sum stated by the magistrate in his order of commitment, but he elected to apply to the committing magistrate.

For these reasons Judge SMITH and myself dissent.