Ira CRAIG and Phil SCHAAF *v.*
STATE of Arkansas

74-123                                    514 S.W. 2d 383

Opinion delivered October 14, 1974

*Brown, Compton & Prewett,* for appellants.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Dep. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. This appeal involves the forfeiture of a bond in a criminal case. The appellant Schaaf is a professional bondsman. The appellant Craig was formerly in that business. On September 19, 1973, the two men made a $7,369.23 bail bond for John A. Jones, who was charged in the Cleburne Circuit Court with "hot check and false pretense." On November 26 the court entered an order declaring a forfeiture of the bond in its full amount. This appeal is from a later order refusing to set aside the forfeiture. The appellants contend that under the statutes they are entitled to complete exoneration as a matter of right.

The facts are simple and not in dispute. Jones was arrested in Hempstead County and was taken to Columbia County, where he had written a bad check. There were additional charges pending against Jones in other counties. The appellants made a number of bail bonds for Jones, including the one now in issue and a $10,000 bond in connection with charges in Van Buren County. Van Buren and Cleburne counties are both in the 14th Judicial District.

Jones had been directed to appear in the Cleburne Circuit Court on October 8, 1973, but he left the state to avoid that appearance. The court entered an order finding that

Jones had failed to appear and directing the two bondsmen to appear on November 26 and show cause why the bond should not be forfeited.

The bondsmen at once printed and circulated fliers seeking Jones's apprehension. As a result of that action Jones was picked up at Winfield, Iowa. The two bondsmen drove to Winfield, paid a $500 reward, and returned Jones to Arkansas, where he was first placed in the Van Buren county jail on November 13 and then transferred to the Cleburne county jail.

Acting upon advice of counsel, the bondsmen did not appear in court on November 26, to show cause why the bond should not be forfeited. On that date the court entered an order declaring a forfeiture of the bond. A hearing upon the bondsmen's motion to set aside the forfeiture was had on December 27. As a result of that hearing the court set aside the forfeiture of the $10,000 bond in the Van Buren County case, where restitution had been made, but refused to set aside the Cleburne County forfeiture.

The appellants, in insisting upon a right to complete exoneration, rely upon Ark. Stat. Ann. § 43-716 (Repl. 1964). We think, however, that three sections of the statutes, all being parts of the Criminal Code of 1868, must be considered. Those sections are:

Section 43-716. At any time before the forfeiture of their bond, the bail may surrender the defendant, or the defendant may surrender himself, to the jailer of the county in which the offense was committed; but the surrender must be accompanied by a certified copy of the bail-bond to be delivered to the jailer, who must detain the defendant in custody thereon as upon a commitment, and give a written acknowledgment of the surrender; and the bail shall thereupon be exonerated.

Section 43-723. If the defendant fail to appear for trial or judgment, or at any other time when his presence in court may be lawfully required, or to surrender himself in execution of the judgment, the court may direct the

fact to be entered on the minutes, and thereupon the bail-bond, or the money deposited in lieu of bail, is forfeited.

Section 43-729. If, before judgment is entered against the bail, the defendant is surrendered or arrested, the court may, at its discretion, remit the whole or part of the sum specified in the bail-bond.

Section 43-716, relied upon by the appellants, is not applicable to the facts of this case. That section simply enables the bondsman to avoid liability by surrendering the defendant before there has been any failure on his part to appear in court. That was the situation in all four of the cases cited by counsel for the appellants: *Ex parte Graham*, 150 Ark. 236, 234 S.W. 176 (1921); *Hester* v. *State*, 145 Ark. 347, 224 S.W. 618 (1920); *Carter* v. *State*, 43 Ark. 132 (1884); *Sternberg* v. *State*, 42 Ark. 127 (1883). In *Sternberg*, for example, the bondsman had the sheriff re-arrest the defendant in January, 1882. After that the sheriff either released the defendant or allowed him to escape. At a subsequent forfeiture proceeding in June the trial court held the surety liable, on the ground that he had not taken a written acknowledgment from the sheriff. We reversed that holding, finding compliance with the statute.

In the case at bar the other two quoted sections are controlling. Under section 43-723, when Jones failed to appear on October 8 and the court entered that fact upon its record, the bond was, in the language of the statute, thereupon forfeited. The show-cause order did not abrogate the statutory forfeiture. It merely afforded the bondsmen an opportunity to be heard with respect to a total or partial remission of the forfeiture, under section 43-729.

At that hearing the trial judge expressed his disapproval of professional bonds and indicated that it was not customary in his district for such bonds to be accepted. The law, however, favors the bondsman. As we said in *Central Casualty Co.* v. *State*, 233 Ark. 602, 346 S.W. 2d 193 (1961): "It is well settled that the giving of bail bonds is to be encouraged, not only because the accused is ordinarily entitled to his freedom

before trial but also because the state is relieved of the expense of maintaining the prisoner until the case can be heard. . . . 'The purpose of requiring bail bonds is not to enrich the treasury, but to secure the administration of justice.' " In that case the accused had been only a few hours late in arriving for his trial, a blizzard having delayed his airplane flight. We reduced the forfeiture from $7,500 to $750, stressing the defendant's almost total freedom from fault.

The case at bar presents a more serious issue than that raised in the case just cited. Here the bondsmen permitted their principal to leave the state to avoid trial and failed to appear at the November 26 hearing upon the show-cause order. Even so, the bondsmen were successful in finding the defendant and returning him to custody. The record does not indicate what additional costs and expenses were incurred by the county. We have concluded that a forfeiture of $2,500 is sufficient to secure the administration of justice in this case.

The order of forfeiture is reduced to $2,500 and, as so modified, is affirmed.

FOGLEMAN, J., dissents in part.

JOHN A. FOGLEMAN, Justice, concurring in part, dissenting in part. I am unable to find any abuse of the circuit judge's discretion when he rendered judgment for the full amount of the bond in Cleburne County, particularly in view of the fact that appellants were relieved of any obligation on a $10,000 bond for the appearance of Jones in Van Buren County. Under the very wording of the statutes, it is necessary for us to do this in order to modify the trial court's judgment as the majority has done and what is more, the majority has no basis whatever for arbitrarily fixing the recovery from the sureties at $2,500, sua sponte.

I respectfully dissent from that part of the opinion and judgment, but otherwise concur.