John Roland FLYNN *v.*
GREENE COUNTY, ARKANSAS

CA 84-24                                    676 S.W.2d 766

Court of Appeals of Arkansas
Division II
Opinion delivered October 17, 1984

*Curtis L. Huckaby,* for appellant.

*Steve Clark, Att'y Gen., by: Theodore Holder,* Asst. Att'y Gen., for appellee.

TOM GLAZE, Judge. Appellant sued appellee, Greene County, to recover $7,500 bail he had posted for himself in 1977. The circuit court granted the appellee's motion for summary judgment in the suit, and appellant appeals the decision. We affirm.

388

In July of 1977, appellant paid a $7,500 bail to appellee to guarantee a court appearance the following December. Appellant did not appear in court when summoned in December of 1977. On March 1, 1979, the Sheriff of Greene County received notice from federal prison officials that appellant was in their custody in Texarkana, Texas. In May of 1979, the circuit judge signed an order directing that appellant's bail be forfeited and issued a summons for appellant to appear and show cause why the bond should not be forfeited. This summons was filed *non est* with the circuit clerk's office on December 3, 1979. In February of 1980, appellee dropped its criminal charges against appellant.

Appellant admits that he forfeited his bail by failing to appear in December of 1977; he seeks to retrieve the money by the operation of Ark. Stat. Ann. § 43-733 (Repl. 1977). This statute prohibits the forfeiture of bail money if the principal of the bailment is incarcerated. Appellant argues on appeal that he was unable to make this statutory argument in the show cause hearing ordered in May of 1979 because appellee failed to notify him of the hearing, as required by Ark. Stat. Ann. § 43-727 (Repl. 1977), which states:

No pleadings are required on the part of the State but the clerk shall issue a summons against the bail requiring them to appear within 20 days, to show cause why judgment could not be rendered against them for the sum specified in the bail-bond, on account of the forfeiture thereof; which summons shall be executed as in civil actions and the action proceed as an ordinary civil action.

Appellant argues that this notice was impliedly part of the bail bond contract he entered into with the appellee and that the appellee breached the contract when it failed to notify him of the show cause hearing when it could easily have done so because it knew he was in federal prison in Texarkana, Texas. According to the appellant, the failure of the appellee to notify him of the show cause hearing, combined with his probability of success in

retrieving the bail money in the hearing are genuine issues of material fact such that appellee's motion for summary judgment should not have been granted below.

We disagree with appellant's contentions. He has failed to prove two crucial facts: (1) that he actually was incarcerated in December of 1977, and (2) that he is within the category of persons protected by the notice provisions of § 43-727.

Although appellant claimed to have been in federal prison in December of 1977, when he was scheduled to appear in Greene County Circuit Court, he put forward no proof below that he was in federal prison at that time. A document entitled *Agreement on Detainers* submitted into evidence by appellant reveals that he began serving a federal prison sentence in November of 1978, almost one year after he failed to appear in Greene County Circuit Court. Appellant put on no proof of his whereabouts during the period from when he posted bail in July, 1977, until he entered federal prison in November, 1978. Other documents from the federal prison in Texarkana prove that appellant was there as of March 1, 1979; however, even these documents are not in the form of a "sworn affidavit," as required by § 43-733. Only if appellant could prove he was in federal prison in December of 1977 could he avail himself of the provisions of § 43-733 because, by operation of Ark. Stat. Ann. § 43-723 (Repl. 1977), the appellant forfeited his bail in December of 1977 by failing to appear in appellee's circuit court. This statutory forfeiture is not abrogated by any subsequent show cause orders. *Craig* v. *State,* 257 Ark. 112, 514 S.W.2d 383 (1974). Given the appellant's admission that he forfeited his bail and his failure to provide any proof that his bail should not have been forfeited because he was in prison at the time of the forfeiture, we agree with the circuit judge below that there are no genuine issues of material fact in this case and that appellee is entitled to a judgment as a matter of law.

As for the second point, we note that § 43-727, *supra,* on its face, appears to provide notice of show cause

hearings to professional bail bondsmen or others who post bail for defendants and not to defendants, like appellant, who post their own bail. Examination of related statutes, such as Ark. Stat. Ann. § 43-716 (Repl. 1977) shows that "bail" as it is used in § 43-727 refers to someone other than the defendant. The summons required by § 43-727 is intended to inform those who post bail for others that unless they produce the defendant within twenty days (who has, of course, already forfeited his bail by his own nonappearance), they will be liable for the defendant's bail.

Appellant's interpretation of the requirement of notice of a show cause hearing would produce results unintended by the Arkansas General Assembly. According to appellant, the purpose of the statute is to require the State to notify defendants who posted their own bail but did appear in court that they must return to court to show cause why judgment should not be rendered against them for the bail. Such defendants are of two types: (1) those who never intend to make it to the court on time—that is, those who "jump" bail, and (2) those who truly intend to appear in court but cannot for some reason. The first group, those who forego their day in court, forfeit their bail when they fail to appear and by operation of § 43-723 judgment is automatically entered against them. Obviously, § 43-727 is not intended to protect them. The second group, those defendants who in good faith intend to make their court appearances, will undoubtedly explain their absences to the court without a reminder from the State that they need to do so.

Affirmed.

CRACRAFT, C.J., and CLONINGER, J., agree.