Luis Manuel MIRANDA, Carlos Aquileo Benavidez Guzman and Marlen Esmit Figueroa *v.* STATE of Arkansas

CR 90-246                                                803 S.W.2d 910

Supreme Court of Arkansas
Opinion delivered February 18, 1991.

*Larry J. Steele*, for appellant.

*Mary B. Stallcup*, Att'y Gen., by: *J. Denhammcclendon*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. This case involves the legality of a cash bond forfeiture ordered by the trial court for failure of appellants to appear at trial. Appellants Miranda, Guzman, and Figueroa were each charged on November 3, 1989, with theft of property over $2,500. Individual bond was set in the amount of $10,000, and each appellant posted a cash bond in that amount. The municipal judge set November 27, 1989, as the trial date, and on that date appellants failed to appear for trial. The trial court ordered the immediate forfeiture of the three bonds.

On March 9, 1990, defendants filed a motion to set aside the

court's order to forfeit the bonds due to lack of compliance with Arkansas statutes which, according to appellants' theory, require an order of the court setting a show-cause hearing not less than ninety days from the date of the order. The trial court held a hearing on April 9, 1990, on the motion for reinstatement of the bonds, and the appellants again failed to appear at the hearing. The trial court denied the motion and in that order directed the appellants to appear for a show-cause hearing on May 30, 1990. The hearing was held on May 30, 1990, and defense counsel presented for the first time two death certificates purporting to evidence the deaths of appellants Guzman and Figueroa on February 28, 1990. Neither document contained certification of the genuineness of the signatures. (The documents were presumably introduced to support a defense to the bond forfeiture.) The trial court denied the admission of the two death certificates and again refused to reinstate the cash bond money which previously had been forfeited.

Appellants filed a petition for writ of mandamus and prohibition in this court on May 21, 1990, to compel the trial court to set aside the bond forfeiture and to require proper notice prior to conducting a show-cause hearing on the forfeiture. That petition was denied by this court without prejudice to appellants' right to appeal on May 29, 1990.

Appellants now assert on appeal: 1) that the trial court erred in failing to reinstate the bond forfeiture; and 2) that the trial court erred in refusing to admit the two death certificates into evidence. We affirm the trial court's decision.

■ For their first argument appellants rely on an Arkansas statute which requires the trial court to order a show-cause hearing on a potential bond forfeiture not less than ninety days after the issuance of the order. *See* Ark. Code Ann. § 16-84-201 (Supp. 1989). Appellants, however, misread that statute. The statute reads:

> (a) If the defendant fails to appear for trial or judgment, or at any other time when his presence in court may be lawfully required, or to surrender himself in execution of the judgment, the court may direct the fact to be entered on the minutes, and shall issue an order requiring *the surety* to appear, on a date set by the court

not less than ninety (90) days nor more than one hundred twenty (120) days after the issuance of the order, to show cause why the sum specified in the bail bond or the money deposited in lieu of bail should not be forfeited.

*Id.* (Emphasis ours.)

According to the specific language of the statute, it is the surety, or bail bondsman, who undertakes the obligation and who is entitled to the order setting the show-cause hearing, not the defendants/appellants. In addition to the clear language of the statute, the court of appeals interpreted a similar Arkansas statute in 1984 which required summons to be issued against unspecified individuals requiring "them" to appear within twenty days to show cause why judgment shall not be rendered against them for the sum specified in the bail bond. *See Flynn* v. *Greene County,* 12 Ark. App. 386, 676 S.W.2d 766 (1984); *see also* Ark. Stat. Ann. § 43-727 (Repl. 1977), now codified at Ark. Code Ann. § 16-84-203 (1987). As in this case, the appellant in *Flynn* contended that his cash bond was forfeited before he was given twenty days notice. One issue concerned to whom notice was to be given — the bail bondsman or the defendant. In answering appellant's argument, the court said:

The summons required by § 43-727 is intended to inform those who post bail for others that unless they produce the defendant within twenty days (who has, of course, already forfeited his bail by his own nonappearance), they will be liable for the defendant's bail.

Appellant's interpretation of the requirement of notice of a show cause hearing would produce results unintended by the Arkansas General Assembly. According to appellant, the purpose of the statute is to require the State to notify defendants who posted their own bail but did appear in court that they must return to court to show cause why judgment should not be rendered against them for the bail. Such defendants are of two types: (1) those who never intend to make it to the court on time - that is, those who "jump" bail, and (2) those who truly intend to appear in court but cannot for some reason. The first group, those who forego their day in court, forfeit their bail when they fail to appear and by operation of § 43-723 judgment

is automatically entered against them. Obviously, § 43-727 is not intended to protect them. The second group, those defendants who in good faith intend to make their court appearances, will undoubtedly explain their absences to the court without a reminder from the State that they need to do so.

*Flynn* v. *Greene County*, 12 Ark. App. 386, 390, 676 S.W.2d 766, 768 (1984). The *Flynn* reasoning applies with equal cogency to the facts of this case.

For the foregoing reasons, the appellants' first point on appeal has no merit.

■■ Appellants further contend that the trial court erred in not admitting into evidence the alleged foreign death certificates of appellants Guzman and Figueroa. In light of our decision affirming the trial court's order not to reinstate the bond forfeiture, it is not necessary to reach this issue, especially since the deaths allegedly occurred on February 28, 1990 — some three months after appellants' failure to appear at trial on November 27, 1989. The trial court, nevertheless, was correct in refusing the death certificates, because they were not properly authenticated as required under A.R.E. Rule 902(3). In addition to the formal deficiency, the defense counsel confronted the prosecuting attorney with the death certificates on the morning of the hearing on May 30, 1990, and because of this the prosecutor did not have reasonable opportunity to investigate the authenticity of the documents as required under Rule 902(3).

The decision of the trial court is therefore affirmed.

Affirmed.