# M & M BONDING COMPANY *v.* STATE of Arkansas

CA 96-1329                                         955 S.W.2d 521

Court of Appeals of Arkansas
Division IV
Opinion delivered December 3, 1997

*Sexton & Fields, P.L.L.C.,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Brad Newman,* Asst. Att'y Gen., for appellee.

TERRY CRABTREE, Judge. M & M Bonding Company, Inc., appeals from a decision of the circuit court that ordered forfeiture of a $25,000.00 bail bond posted by M & M Bonding for Manuel DeLopez. Appellant argues five points on appeal. First, appellant asserts that the trial court improperly permitted a default judgment ordering the bond forfeiture to be entered against it without any proof of the State's compliance with Arkansas Code Annotated § 16-84-201(b) (Supp. 1995). Second, that the trial court erred in finding that the defendant failed to appear on October 12, 1995. Appellant also contends that the trial court erred in finding that there was no evidence that the defendant was apprehended or surrendered to law-enforcement authorities before March 1, 1996. Fourth, appellant asserts that the trial court's finding that appellant was properly served with notice of the bond-forfeiture hearing was clearly erroneous. Finally, appellant argues that the trial court abused its discretion in failing to exonerate a reasonable amount of appellant's liability under the bail bond.

The State argues that the order forfeiting bond was not a default judgment, that appellant's motion to vacate the judgment was not timely made, and that the appeal should, therefore, be dismissed. We find the State's argument on this point persuasive.

On August 28, 1995, bail was given by M & M Bonding for Manuel DeLopez in the amount of $25,000. On September 27, 1995, the State sent a letter to M & M Bonding requesting that it have DeLopez in court on October 12, 1997, for a hearing. On October 3, 1995, DeLopez's attorney, a public defender, made a motion to be relieved as attorney for the defendant. The court granted the motion.

DeLopez did not appear at the October 12 hearing, and the trial court issued an order directing appellant to appear on January 18, 1996, to show cause why the bond should not be forfeited. The court directed that appellant be notified of the January 18 hearing by certified mail, restricted delivery. Further, as a result of

the defendant's failure to appear, the trial court ordered a warrant issued for the defendant.

On January 18, 1996, M & M Bonding failed to appear and show cause why the bond should not be forfeited. The court forfeited the $25,000.00 bond and entered judgment against M & M Bonding. The judgment was sent to appellant and a return receipt filed with the court. On February 14, 1996, the State filed a motion for Citation for Contempt against appellant for failure to pay the required amount to the clerk. A second show-cause hearing was set on the same day; appellant was ordered to appear and show cause on February 22, 1996.

On February 15, 1996, Paul Hoover entered his appearance as attorney for Manuel DeLopez. The defendant appeared with counsel on February 22, 1996, and was released pending bail in the amount of $10,000. On May 9, 1996, appellant filed a motion to vacate the order whereby the bail was forfeited. Because appellant's motion to vacate was not filed within the time prescribed by law, we affirm. *See* Ark. R. Civ. P. 60(b) (1997).

In the trial court's order, the court referred to the forfeiture judgment entered against appellant as a default judgment. No doubt this was an inadvertent statement by the trial court. A surety bond is posted by qualified individuals to insure the appearance of a criminal defendant at subsequent hearings. The surety bond itself is considered adequate security. Arkansas Code Annotated § 16-84-201 provides:

> (a)(1)(A) If the defendant fails to appear for trial or judgment, or at any other time when his presence in court may be lawfully required, or to surrender himself in execution of the judgment, *the court may direct the fact to be entered on the minutes, and shall promptly issue an order requiring the surety to appear,* on a date set by the court not less than ninety (90) days nor more than one hundred twenty (120) days after the issuance of the order, to show cause why the sum specified in the bail bond or the money deposited in lieu of bail should not be forfeited.
>
> (B) The one hundred twenty-day period begins to *run from the date notice is sent by certified mail to the surety company at the address shown on the bond, whether or not it is received by the surety.* (emphasis added).

■ Appellant was notified that the defendant had failed to appear at the hearing of October 12, 1995, on October 19, 1995.[1] The trial court set the hearing for the bond forfeiture on January 18, 1996, — more than ninety days from the time appellant was notified of the defendant's failure to appear. One-hundred twenty days from the date appellant received notice of the defendant's failure to appear was February 17, 1996. The defendant appeared in court on February 22, 1996, — more than one-hundred twenty days from the date appellant received the notice. Accordingly, the trial court correctly forfeited the bond pursuant to the statute, and not as a default judgment.

■ Appellant asserts that it could have asked the court to vacate the judgment pursuant to Rule 55 of the Arkansas Rules of Civil Procedure. That rule provides in pertinent part:

> (c) Setting Aside Default Judgments. The court may, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud, misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. The party seeking to have the judgment set aside must demonstrate a meritorious defense to the action; however, if the judgment is void, no other defense to the action need be shown.

Appellant's reliance on Rule 55(c) is misplaced. The rule contemplates that an opposing party request a default judgment against another party. In a bond-forfeiture case, the money or other sufficient surety has been deposited with the court. Once the defendant has failed to appear, the entire amount of the bond is subject to forfeiture. The surety is given the opportunity to present evidence why the bond should not be forfeited, or why the full amount of the bond should not be forfeited, but the bond-forfeiture procedure is separate and apart from the Rules of Civil Procedure.

■ ■ In *Bryce Bail Bonds, Inc. v. State*, we stated:

---

[1] The order was dated October 16, 1995, and filed of record on October 17, 1995. Appellant's agent signed a postal receipt on October 19, 1995.

Our review of cases dealing with bail bonds discloses several settled rules with regard to forfeiture and principles and guidelines governing remission which are to be applied on a case by case basis. Most of these cases are collected and discussed in *Tri-State Bonding Co. v. State*, 263 Ark. 620, 567 S.W.2d 937 (1978); *Craig & Schaaf v. State*, 257 Ark. 112, 514 S.W.2d 383 (1974); and *Allied Ins. Co. v. State*, 268 Ark. 934, 597 S.W.2d 115 (Ark. App. 1980). These cases recognize that in determining a forfeiture of bail, the underlying basis for admitting one to bail must be considered. The defendant, rather than being held in custody by the State, is released to the surety who assumes custody of him and is responsible to the court for his appearance at any time. The defendant is regarded as being in the custody of his surety from the time of execution of the bond until he is discharged and his bail is considered a jailer of his own choosing. Although the surety is not expected to keep the principal in physical restraint he is expected to keep close track of his whereabouts and keep him within this state subject to the jurisdiction of the court. *Adler v. State*, 35 Ark. 517, 37 Am. Rep. 38 (1880).

The surety is not released from forfeiture except where an act of God, the State, or of a public enemy, or actual duress prevents appearance by the accused at the time fixed in the bond. Absent one of those excuses the failure of an accused to appear at the time fixed is sufficient basis for forfeiture.

*Proceedings after forfeiture are summary ones.* The order to show cause pursuant to Ark. Stat. Ann. 43-729 (Repl. 1977) *merely affords the bondsman an opportunity to be heard with respect to remission of all or some part of the forfeiture. Craig v. State*, 257 Ark. 112, 514 S.W.2d 383 (1974).

Where the principal does not appear there is no exoneration from liability under the bond, regardless of the extent of the search by the surety, if the surety shows no more than a disappearance of the principal. The trial court's authority to remit a forfeiture when the accused is subsequently surrendered by the surety is discretionary and that discretion will not be interfered with unless it is arbitrary or abused. It devolves upon the bail bondsman to establish facts which justify favorable action in the exercise of the trial court's discretion, and the failure to allow him even his expenses in this matter is not necessarily an abuse of the court's discretion. The mere fact that the bail takes the accused into custody after the forfeiture and surrenders him to

the authorities, even during the same term of court, does not entitle the bail to a right to remission of the penalty, even though the return of the principal was at the expense of the surety. *Hickey v. State*, 150 Ark. 304, 234 S.W.2d 168 (1921).

8 Ark. App. 85, 88-9, 648 S.W.2d 832, 834 (1983) (emphasis added).

■ An order of a circuit court may be modified or set aside on the motion of the court or any party within ninety days of its filing with the clerk. Ark. R. Civ. P. 60(b) (1997). When a circuit court does not modify or vacate an order within ninety days, it loses all power to act. *Cigna Ins. Co. v. Brisson*, 294 Ark. 504, 744 S.W.2d 716 (1988). If a party fails to move within ninety days that an order of the circuit court be set aside or modified, that party is barred from further action. *See Summers v. Griffith*, 317 Ark. 404, 878 S.W.2d 401 (1994). In the present case, the order forfeiting the bond was entered on January 18, 1996. Appellant waited one-hundred eleven days to file a motion to vacate that order.

Appellant relies heavily on *AAA Bail Bond Co. v. State*, 319 Ark. 327, 891 S.W.2d 362 (1995), for the proposition that the trial court erred in forfeiting the bond posted on behalf of the defendant. Appellant's reliance on the *AAA Bail Bond* case is misplaced. In that case, the surety was not notified of the non-appearance of the defendant until several months after the defendant failed to appear, and the surety produced the defendant within a few weeks of being notified of the failure to appear. In this case, M & M Bonding was notified of the date of the defendant's scheduled appearance, but did not advise the defendant. Even after appellant was notified of the failure of the defendant to appear and the date of the show-cause hearing, appellant failed to appear to produce the defendant or to submit evidence to the court that part of the bond amount should be remitted. It was not until the State moved the court for a citation for contempt that the appellant attempted to locate the defendant.

■ Appellant's motion to vacate the forfeiture judgment was untimely. Accordingly, the trial court's judgment in the amount of $25,000 is affirmed.

Affirmed.

BIRD and ROGERS, JJ., agree.