BOB COLE BAIL BONDS, INC. *v.* STATE of Arkansas

CA 98-1209                                                   2 S.W.3d 94

Court of Appeals of Arkansas
Division III
Opinion delivered October 20, 1999

*Wright & Van Noy*, by: *Herbert T. Wright, Jr.*, for appellant.

*Mark Pryor*, Att'y Gen., by: *C. Joseph Cordi, Jr.*, Ass't Att'y Gen., for appellee.

JOHN E. JENNINGS, JUDGE. This is an appeal from an order requiring the forfeiture of $2,000.00 on a $5,000.00 bail bond. The issues on appeal center upon whether the statutorily

required notice was properly sent to appellant. We reverse the order of forfeiture.

The appellant posted a bond guaranteeing the appearance of Lacey Helmert on a petition to revoke. Ms. Helmert failed to appear at the hearing scheduled for December 1, 1997. By letter of the same date, the court administrator sent notice to appellant that the 120-day period found in Ark. Code Ann. § 16-84-201 (Supp. 1997) had been activated. The notice was sent to Cole Bonding, 1005 N. Center, Lonoke, Arkansas, 72086. Helmert was arrested on June 25, 1998.

At the forfeiture hearing held on July 15, 1998, appellant questioned whether the notice had been sent to the correct address. For reasons that are not explained in the record, the bond was not located. Nevertheless, the trial court found that notice had been sent to the proper address, and a forfeiture of $2,000.00 was declared, after giving appellant credit for expenses incurred in its attempt to locate Helmert.

Appellant first argues on appeal that the trial court erred in ruling that the statutory service requirements of Ark. Code Ann. § 16-84-201 (Supp. 1997) had been fulfilled. We must agree.

Arkansas Code Annotated section 16-84-201(a)(1)(A) (Supp. 1997) provides:

> If the defendant fails to appear for trial or judgment, or at any other time when his presence in court may be lawfully required, or to surrender himself in execution of the judgment, the court may direct the fact to be entered on the minutes, and shall promptly issue an order requiring the surety to appear, on a date set by the court not less than ninety (90) days nor more than one hundred twenty (120) days after the issuance of the order, to show cause why the sum specified in the bail bond or the money deposited in lieu of bail should not be forfeited.

Arkansas Code Annotated section 16-84-201(a)(1)(B) sets out the procedure by which notice is to be given to the surety. It states that "[t]he one hundred twenty-day period begins to run from the date notice is sent by certified mail to the surety company *at the address shown on the bond,* whether or not it is received by the surety."

■ It has been held that statutory service requirements, being in derogation of common-law rights, must be strictly construed and that compliance with them must be exact. *Holt Bonding Co. v. State*, 328 Ark. 178, 942 S.W.2d 834 (1997). The court also held in *Holt Bonding* that actual notice of a proceeding does not validate defective process. Because strict compliance is required, we have reversed a bond forfeiture where the notice was sent to an address other than the one shown on the bond. *Bob Cole Bail Bonds, Inc. v. State*, 65 Ark. App. 5, 984 S.W.2d 83 (1999).

■ Here, the record does not show whether the notice was sent to the address listed on the bond, nor does it reflect that the notice was sent by certified mail. The first question then becomes whose responsibility it is to produce the original bond or a copy, or to explain its absence, or to present evidence of its contents. The bond is the document upon which the State's cause of action is founded. Surely, the burden rests upon the State. Under these circumstances we have no alternative but to reverse the decision of the circuit judge.

■ Appellant also contends that no judgment of forfeiture can be entered in this case because the 120-day period never began to run because of the defective notice, and because Ms. Helmert has since been apprehended. We agree. The statute provides that the 120-day period begins to run from the date the notice is sent by certified mail to the surety at the address shown on the bond. Ark. Code Ann. § 16-84-201(a)(1)(B) (Supp. 1997). The statute also provides that no judgment of forfeiture can be entered if the defendant is apprehended within 120 days from the date of the receipt of written notice. Ark. Code Ann. § 16-84-201(c)(2) (Supp. 1997). Under the law, there could be no forfeiture of the bond in the case at bar.

Reversed and dismissed.

STROUD and CRABTREE, JJ., agree.