BOB COLE BONDING *v.* STATE of Arkansas

99-1327                                    13 S.W.3d 147

Supreme Court of Arkansas
Opinion delivered March 16, 2000

*Wright & Van Noy*, by: *Herbert T. Wright, Jr.*, for appellant.

*Mark Pryor*, Att'y Gen., by: *C. Joseph Cordi, Jr.*, Ass't Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. This appeal involves a bond forfeiture. The trial court awarded judgment to the State and against the appellant, Bob Cole Bail Bonds, Inc. ("the bonding company"), in the amount of $2,000. The court of appeals reversed and dismissed. *Bob Cole Bail Bonds, Inc. v. State*, 68 Ark. App. 13, 2 S.W.3d 94 (1999). This court granted review of the court of appeals's decision on December 9, 1999. When we grant review of a case decided by the court of appeals, we treat the appeal as if it were originally filed in this court. *See Youngman v. State Farm Mut. Auto. Ins. Co.*, 334 Ark. 73, 971 S.W.2d 248 (1998).

The two major points raised by the bonding company in this appeal are (1) the trial court failed to give it statutory notice, and (2) the defendant, Lacey Dawn Helmert, was surrendered to the trial court before the bond was forfeited. Despite the points raised, we believe that resolution of this case turns on the absence of the bail bond in the circuit court's file on Helmert and the issue of whose burden it was to introduce the bail bond at the bond forfeiture hearing.

According to her criminal docket, on July 16, 1997, Helmert was arrested on a petition to revoke her probation on drug offenses and bonded by "Bob Cole Bonding Agent Steve Outlaw." On December 1, 1997, Helmert failed to appear at a scheduled hearing on that petition, and on that same date, statutory notice which begins the 120-day notice period for failure to appear was mailed by the circuit court administrator to "Cole Bonding, 1005 N. Center, Lonoke, Arkansas 72086." *See* Ark. Code Ann. § 16-84-201(a)(1)(B) (Supp. 1999).

On May 5, 1998, the circuit court executed a Bond Forfeiture Summons ordering Helmert's arrest and directing the bonding company to appear to show cause why the bail bond should not be forfeited and judgment entered against it. The summons stated that the bail bond was attached, but that was not done. The summons was served on the bonding company in Fort Smith.

On June 25, 1998, Helmert was arrested. On July 15, 1998, the bond forfeiture hearing was held. At the hearing, the bonding company argued that the original bond was not in the court file and that the 120-day notice was defective because it went to the wrong address. The circuit court entered judgment against the bonding

company in the amount of $2,000. At no time during the hearing was the bail bond presented to the circuit court or introduced into evidence. The bail bond is not part of the record in this appeal.

■ Two points bear emphasis at the outset of this appeal. The first is that even though the bail bond at issue was attached to the bonding company's brief in this appeal, it cannot be considered by this court because it is not part of the record. It is, of course, the appellant's duty to bring up a sufficient record to enable this court to consider the issues raised. *See, e.g., Edwards v. Neuse,* 312 Ark. 302, 849 S.W.2d 479 (1993). The second point is the manner in which the bonding company framed the issue before the trial court. The bonding company did not contend that the State was not entitled to judgment because the State did not introduce the bail bond at the forfeiture hearing. *See Hernden v. State,* 865 S.W.2d 521 (Tex. Ct. App. 1993). Rather, the bonding company mounted a *defense* to forfeiture on the basis that the statutory notice was defective and, thus, the 120 days for notice never commenced running. Even in its appeal, the bonding company only makes passing reference without citation of authority to the necessity for there to be a bail bond presented to the circuit court in order for a forfeiture to occur. The focal point of the bonding company's appeal is the circuit court's failure to give it statutory notice. Again, the framing of the issue is important because the crucial question before this court is which party had the burden of introducing either an original or a copy of the bail bond into evidence at the bond forfeiture hearing.

The law regarding statutory notice to bonding companies is clear and precise:

> (a)(1)(A) If the defendant fails to appear for trial or judgment, or at any other time when his presence in court may be lawfully required, or to surrender himself in execution of the judgment, the court may direct the fact to be entered on the minutes, and shall promptly issue an order requiring the surety to appear, on a date set by the court not less than ninety (90) days nor more than one hundred twenty (120) days after the issuance of the order, to show cause why the sum specified in the bail bond or the money deposited in lieu of bail should not be forfeited.

> (B) The one hundred twenty-day period begins to run from the date notice is sent by certified mail to the surety company *at the address shown on the bond*, whether or not it is received by the surety.

Arkansas Code Ann. § 16-84-201(a)(1)(A) and (B) (Supp. 1997) (emphasis added).[1]

We have held that statutory service requirements, being in derogation of common law rights, must be strictly construed and that compliance with them must be exact. *Holt Bonding Co. v. State*, 328 Ark. 178, 182, 942 S.W.2d 834, 837 (1997); *see also Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 921 S.W.2d 944 (1996). Substantial compliance will not suffice. *Holt Bonding Co. v. State, supra; AAA Bail Bond Co. v. State,* 319 Ark. 327, 891 S.W.2d 362 (1995). Nor can defective service be validated by actual knowledge. *Wilburn v. Keenan Cos.*, 298 Ark. 461, 768 S.W.2d 531 (1989).

In the instant case, the bonding company contends that the statutory notice required under § 16-84-201(a)(1)(A) was defective because it was not sent to the "address shown on the bond." This begs the question, however, of what address was shown on the bond and whose burden it was to present that proof. If the bonding company is raising the defense of defective service, in our view it had the burden to show that the circuit court administrator sent the notice to the wrong address based on the bail bond. This it failed to do.

Our conclusion in this regard is on all fours with statements made by this court and the court of appeals in previous cases. For example, the court of appeals has said that in a bail bond proceeding, "[o]nce the defendant has failed to appear, the entire amount of the bond is subject to forfeiture. The surety is given the opportunity to present evidence why the bond should not be forfeited, or why the full amount of the bond should not be forfeited...." *M & M Bonding Company v. State*, 59 Ark. App. 228, 232, 955 S.W.2d 521, 523 (1997). Along the same line, this court has said, "[t]he show-cause order did not abrogate the statutory forfeiture. It merely afforded the bondsmen an opportunity to be heard with respect to a total or partial remission of the forfeiture...." *Craig v. State*, 257 Ark. 112, 115, 514 S.W.2d 383, 385 (1974). That, of

---

[1] This statute was amended by Act 567 of 1999.

course, is the essence of a show-cause hearing — that the summoned bonding company should offer proof or argument as to why the bail bond should not be forfeited. In the instant case, the bonding company failed to present the circuit court with evidence of the bail bond itself which was the key to the bonding company's defense of erroneous service. In failing to do so, it did not meet its burden of proof. We reverse the holding of the court of appeals in *Bob Cole Bail Bonds, Inc. v. State*, 68 Ark. App. 13, 2 S.W.3d 94 (1999), that the burden of proof in the instant case rested with the State.

▉ The bonding company also argues that the notice it received of non-appearance was not prompt. This argument, however, was not addressed to the circuit court and, accordingly, is not preserved for our review. *Pyle v. State*, 340 Ark. 53, 8 S.W.3d 491 (2000); *Ayers v. State*, 334 Ark. 258, 975 S.W.2d 88 (1998). Nor was the argument made to the circuit court that the bonding company should not be liable because Helmert was surrendered to the circuit court prior to judgment on the bond forfeiture. Accordingly, we will not address the issue. *Id.*

We affirm the judgment of the trial court.