HOT SPRINGS BAIL BOND *v.* STATE of Arkansas

CA 04-1104                                                    206 S.W.3d 306

Court of Appeals of Arkansas
Opinion delivered April 6, 2005

Daniel D. Becker, for appellant.

Mike Beebe, Att'y Gen., by: Suzanne Antley, Ass't Att'y Gen., for appellee.

JOSEPHINE LINKER HART, Judge. Appellant Hot Springs Bail Bond appeals from the decision of the circuit court upholding the forfeiture of a $500 bail bond as a result of a defendant's failure to appear in district court on the charge of public intoxication. Appellant argues that the failure of "[t]he appropriate law enforcement agencies" to "make every reasonable effort to apprehend the defendant," as provided in Ark. Code Ann. § 16-84-201(b) (Supp. 2003), exonerated appellant from forfeiture of the bond. We affirm.

Jose Alberto[1] was arrested on the misdemeanor offense of public intoxication. See Ark. Code Ann. § 5-71-212(b) (Repl. 1997). On October 11, 2003, appellant, as the surety, issued a $500 bail bond for the defendant. The defendant, however, failed to appear in district court on November 4, 2003, and the district court issued a warrant[2] for the defendant's arrest for failure to appear, also a misdemeanor offense. See Ark. Code Ann. § 5-54-120(c)(1) (Repl. 1997). On November 20, 2003, the district court issued an order directing appellant to appear and show cause, and on March 25, 2004, the district court entered a judgment against appellant as surety in the amount of $500.

Appellant appealed to the circuit court, where the matter was heard on stipulated facts. Particularly, the parties stipulated that the arrest warrant for the defendant's failure to appear "was not entered into the NCIC or ACIC." The circuit court upheld the bond forfeiture. In the court's order, the court found that "failure to enter a misdemeanor failure to appear warrant into the NCIC and/or ACI[C] systems does not itself violate A.C.A. § 16-84-201(b) which requires '[t]he appropriate law enforcement agencies shall make every reasonable effort to apprehend the defendant.'" On appeal to this court, appellant cites this statutory

---

[1] The defendant is variously named in the record as Jose Alberto, Jose A. Alberto, Jose Alvorez Alberto, and Jose Alberto Alvorez.

[2] The parties stipulated that the arrest warrant was issued on November 7, 2003, although the arrest warrant shows that it was issued on November 12, 2003.

language and argues that the State's failure to enter the defendant's arrest warrant for failure to appear into the NCIC database or the ACIC database constituted a failure by law enforcement to make every reasonable effort to apprehend the defendant, thus barring forfeiture of the bail bond.

Our statute governing actions on bonds in district court provides that "[i]f the defendant fails to appear for trial or judgment, or at any other time when his or her presence in district court may be lawfully required . . . the district court . . . shall promptly issue an order requiring the surety to appear, on a date set by the district court not more than one hundred twenty (120) days after the issuance of the order, to show cause why the sum specified in the bail bond or the money deposited in lieu of bail should not be forfeited." Ark. Code Ann. § 16-84-201(a)(1)(A) (Supp. 2003). The statute states that "[t]he appropriate law enforcement agencies shall make every reasonable effort to apprehend the defendant." Ark. Code Ann. § 16-84-201(b) (Supp. 2003). Further, the statute provides that "[i]f the defendant is surrendered or arrested, or good cause is shown for his or her failure to appear before judgment is entered against the surety, the district court shall exonerate a reasonable amount of the surety's liability under the bail bond." Ark. Code Ann. § 16-84-201(c)(1) (Supp. 2003). But "[i]f after one hundred twenty (120) days, the defendant has not surrendered or been arrested, the bail bond or money deposited in lieu of bail may be forfeited without further notice or hearing." Ark. Code Ann. § 16-84-201(d) (Supp. 2003). We have previously said that in a bail-bond proceeding, "[o]nce the defendant has failed to appear, the entire amount of the bond is subject to forfeiture. The surety is given the opportunity to present evidence why the bond should not be forfeited, or why the full amount of the bond should not be forfeited. . . ." *M & M Bonding Co. v. State*, 59 Ark. App. 228, 232, 955 S.W.2d 521, 523 (1997). Our supreme court has stated that "the summoned bonding company should offer proof or argument as to why the bail bond should not be forfeited." *Bob Cole Bonding v. State*, 340 Ark. 641, 644-45, 13 S.W.3d 147, 149 (2000).

We note that, under the above-cited statutory provisions, it is the surety's duty to show cause why the bail bond should not be forfeited, and if good cause is shown for the defendant's failure to appear before judgment is entered against the surety, the district court shall exonerate a reasonable amount of the surety's liability under the bail bond. Accordingly, a law enforcement

agency's failure to make, as mandated by the statute, every reasonable effort to apprehend the defendant could constitute a basis on which the district court could find good cause for the defendant's failure to appear, resulting in exoneration by the court of a reasonable amount of the surety's liability under the bail bond. The statute, however, does not provide that a failure of a law enforcement agency to make every reasonable effort to apprehend the defendant necessarily constitutes good cause for the defendant's failure to appear. And in any event, appellant did not present evidence showing that entry of the arrest warrant for the defendant's misdemeanor failure to appear into the NCIC database or the ACIC database would have constituted a reasonable effort to apprehend the defendant. Thus, we cannot conclude that the circuit court erred in upholding the bond forfeiture.

Affirmed.

VAUGHT and CRABTREE, JJ., agree.