ARVIS HARPER BAIL BONDS, INC. *v.*
STATE of Arkansas

CA 04–755                                                       208 S.W.3d 809

Court of Appeals of Arkansas
Opinion delivered May 18, 2005

*Stuart Vess*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Misty Wilson Borkowski*, Ass't Att'y Gen., for appellee.

OLLY NEAL, Judge. Arvis Harper Bail Bonds, Inc. appeals from the trial court's denial of a motion to set aside a bond forfeiture. It argues that the trial court erred in finding that it lacked jurisdiction to set aside the bond forfeiture. We affirm.

Cornell Griffin was charged with felon in possession of a firearm, fleeing, and resisting arrest. On May 16, 2003, Griffin failed to appear in court. The court issued a show-cause order, notifying appellant that a hearing would be held on September 18, 2003, to determine if a bond-forfeiture judgment should be entered. Appellant apprehended Griffin on September 12, 2003, and placed him in the custody of the Pulaski County Detention Center. At the hearing on September 18, 2003, appellant was not present; the court entered a bond-forfeiture judgment in the amount of $25,000. That judgment was never appealed. In December of 2003, appellant filed a motion to set aside the bond forfeiture under Ark. R. Civ. P. 60(c)(4), arguing that the forfeiture was improper because Griffin was surrendered prior to the hearing and that the Pulaski County Prosecuting Attorney's Office perpetrated fraud on the court for its failure to so inform the court. The court found no fraud. The court further determined that it did not have jurisdiction to set aside the judgment since it was outside the ninety-day period set forth in Ark. R. Civ. P. 60(a) (2004). This appeal followed.

Appellant argues that Ark. Code Ann. § 16-84-201 (Supp. 2003) mandates that no judgment be entered against a bondsman who apprehends or causes the apprehension of a defendant whom the surety turns over to authorities within 120 days from the date of receipt of written notification. Appellant further asserts that, because it complied with the provisions in Ark. Code Ann. § 16-84-114 (Supp. 2003), *i.e.*, surrendering Griffin to the jailer before the forfeiture of the bond and obtaining written acknowledgment of the surrender, the court should not have entered an order forfeiting the bond. It contends that the knowledge of the Pulaski County Sheriff's Office — that Griffin was surrendered — was imputed to the Pulaski County Prosecuting Attorney's Office. Hence, failure of the Pulaski County Prosecuting Attorney's Office to inform the court that Griffin was in custody, appellant

argues, was tantamount to procurement of a judgment by misrepresentation or fraud under Rule 60(c)(4). We find no merit in either of these arguments.

■■ Statutory-service requirements such as those in Ark. Code Ann. § 16-84-201, being in derogation of common-law rights, must be strictly construed, and compliance with them must be exact. *Bob Cole Bonding v. State*, 340 Ark. 641, 13 S.W.3d 147 (2000). In *Bob Cole Bonding*, the supreme court determined that the essence of a show-cause hearing is for the summoned bonding company to offer proof or argument as to why the bail bond should not be forfeited. Thus, the burden rests with the bonding company and not the Pulaski County Prosecuting Attorney's Office to show cause to the court as to why the bond should not be forfeited. Here, there is no evidence in the record that appellant submitted the written acknowledgment of surrender to either the prosecuting attorney, clerk of the court, or the court. Furthermore, the bonding company was not even present at the hearing; consequently, it offered no proof or argument to the court, and therefore, did not meet its burden of proof.

■■ Additionally, the rules of civil procedure apply in a bond-forfeiture case. Ark. R. Civ. P. 60(a); *see Holt Bonding Co., Inc. v. State*, 353 Ark. 136, 114 S.W.3d 179 (2003); *see also M & M Bonding Co. v. State*, 59 Ark. App. 228, 955 S.W.2d 521 (1997). Arkansas Rule of Civil Procedure 60(c)(4) grants the court, after the expiration of ninety days of filing the judgment, the power to set aside or otherwise vacate or modify a judgment or order if it was obtained by misrepresentation or fraud. The issue of whether the procurement of a judgment amounts to fraud upon the court is a question of law. *Grubbs v. Hall*, 67 Ark. App. 329, 999 S.W.2d 693 (1999). Appellant bore the burden of showing fraud by clear, cogent, and convincing evidence, and in order to reverse the circuit court's decision, we must find an abuse of discretion. *See id.* After careful review, we find that the court did not abuse its discretion in declining to set aside the judgment.

■ Furthermore, to correct errors or mistakes or to prevent the miscarriage of justice, the court may modify or vacate a judgment, order or decree on the motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk. *See* Ark. R. Civ. P. 60(a). When a circuit court does not modify or vacate an order within ninety days,

however, it loses all power to act. *M & M Bonding Co. v. State, supra.* If a party fails to move within ninety days that an order of the circuit court be set aside or modified, that party is barred from further action. *Id.*

■ In the instant case, the order forfeiting the $25,000 bond was entered on September 18, 2003. Appellant did not file a motion to set aside the bond-forfeiture order until December 26, 2003, over ninety-eight days later and clearly outside the ninety-day period. Therefore, the trial court lacked jurisdiction at the subsequent hearing to act on that motion and to modify or set aside the judgment because the ninety-day period provided for under Rule 60(a) had elapsed. *See Griggs v. Cook,* 315 Ark. 74, 864 S.W.2d 832 (1993).

Affirmed.

CRABTREE and ROAF, JJ., agree.