

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-16-462

| | |
|---|---|
| KATHY'S BAIL BONDS, INC. | **Opinion Delivered:** December 7, 2016 |
| APPELLANT | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-14-745] |
| V. | |
| STATE OF ARKANSAS | HONORABLE GARY ARNOLD, JUDGE |
| APPELLEE | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Kathy's Bail Bonds, Inc. (Bail Bonds) appeals from the February 9, 2016 bond-forfeiture judgment. On appeal, Bail Bonds argues that the circuit court abused its discretion when it ordered the bail bond forfeited because the State failed to flag the defendant's passport, thereby allowing the defendant to flee the country. We affirm.

On October 20, 2014, the Saline County District Court set David Anson Alandt's bond at $100,000 cash or professional bond. On November 21, 2014, a bond-reduction hearing was held, and the district court reduced Alandt's bond to $75,000 and ordered that his passport be surrendered to the Benton Police Department. That day, Bail Bonds wrote a $75,000 bail bond in favor of Alandt with the conditions that he was to call in every Monday and that he must live with his parents, who resided in Houston, Texas.

On September 24, 2015, Alandt failed to appear at his scheduled jury trial in the

Saline County Circuit Court where he was charged with felony possession of more than 100 pounds of marijuana with intent to deliver. His representative from Bail Bonds, Kathy Chism, was present and testified that her last contact with Alandt had been the day before— on September 23 after Alandt's father had dropped him off at the airport under the pretense that he had a one-way ticket to Little Rock to come to trial.

The circuit court then entered an order for the issuance of an arrest warrant and summons/order for surety to appear. In it, the court ordered that Alandt be surrendered to the sheriff as required by the terms of the bail bond and also ordered Chism to appear before the court on February 8, 2016, for a show-cause hearing on a bond-forfeiture petition.

At the hearing, the circuit court heard testimony that Alandt had surrendered his passport to the Benton Police Department but that he had also obtained a new passport and fled the country. Bail Bonds requested more time and also moved to dismiss the bond forfeiture on the basis that the State had not complied with the orders of the court when Alandt was bonded. Bail Bonds argued that the State was required to seize Alandt's passport and put a hold on it, and because the State failed do so, the bond should not be forfeited. The circuit court did not agree, and on February 9, 2016, a judgment was entered ordering the forfeiture of Alandt's bond due to his failure to appear.

Bail Bonds timely filed its notice of appeal on March 2, 2016, and the matter is now properly before this court. Bail Bonds's sole argument on appeal is that the trial court abused its discretion when it ordered the bail bond forfeited because the State failed to flag Alandt's passport after it had been ordered surrendered as a condition of the bond and thereby failed to prevent Alandt from fleeing the country. While the State concedes that it did not flag the

passport, it contends the Saline County District Court's order did not require it to notify the State Department of the United States of the seizure of Alandt's passport. We agree.

Arkansas Code Annotated section 16-84-207 (Supp. 2013) prescribes the rules for actions on bail bonds in circuit courts and provides, in pertinent, part as follows:

> (a) If a bail bond is granted by a judicial officer, it shall be conditioned on the defendant's appearing for trial, surrendering in execution of the judgment, or appearing at any other time when his or her presence in circuit court may be lawfully required under Rule 9.5 or Rule 9.6 of the Arkansas Rules of Criminal Procedure, or any other rule.
> (b)(1) If the defendant fails to appear at any time when the defendant's presence is required under subsection (a) of the section, the circuit court shall enter this fact by written order or docket entry, thereof to be forfeited, and issue a warrant for the arrest of the defendant.
> (2) The circuit clerk shall:
> (A) Notify the sheriff and each surety on the bail bond that the defendant should be surrendered to the sheriff as required by the terms of the bail bond; and
> (B) Immediately issue a summons on each surety on the bail bond requiring the surety to personally appear on the date and time stated in the summons to show cause why judgment should not be rendered for the sum specified in the bail bond on account of the forfeiture.

In *Bob Cole Bonding v. State*, 340 Ark. 641, 13 S.W.3d 147 (2000), our supreme court determined that the essence of a show-cause hearing rests with the bonding company as to why the bond should not be forfeited. Bail Bonds's only argument—that the State was implicitly ordered by the Saline County District Court to request that a federal agency, the United States State Department, prevent Alandt from obtaining a passport after surrendering his previous passport—is unpersuasive.

In *M & M Bonding Co. v. State*, 59 Ark. App. 228, 233, 955 S.W.2d 521, 524 (1997), our court explained,

> Although the surety is not expected to keep the principal in physical restraint he is expected to keep close track of his whereabouts and keep him within this state subject to the jurisdiction of the court. The surety is not released from forfeiture except

 

where an act of God, the State, or of a public enemy, or actual duress prevents appearance by the accused at the time fixed in the bond. Absent one of those excuses the failure of an accused to appear at the time fixed is sufficient basis for forfeiture.

(citations omitted.)

In the instant case, Bail Bonds has not shown that an act of God, the State or of a public enemy, or actual duress prevented Alandt's appearance in circuit court on September 24, 2015. The district court docket sheet reflecting the bond reduction and the passport–surrender requirement did not require the State to take any action to limit Alandt's ability to obtain a new passport. He was obligated to comply with this condition of his bond reduction, and the requirement that he surrender his passport put him on notice that he was not allowed to leave the country. The fact that Alandt acquired a new passport and fled the country was a voluntary act on his part and not the result of any action or inaction by the State.

Moreover, when a bail-bond company agrees to write a bond for a criminal defendant, it assumes the responsibility for the whereabouts of the defendant and is expected to "keep him within this state subject to the jurisdiction of the court." *Id.* The bail-bond sheet shows that Alandt's address was in Houston, Texas. Kathy Chism of Bail Bonds testified that Alandt's father had dropped him off at the Houston airport on September 23, 2015, ostensibly to catch a flight to Little Rock for his jury trial. This is in direct contradiction of Bail Bonds's obligation to keep Alandt in the state of Arkansas, subject to the jurisdiction of the court.

Alandt failed to appear for his September 24, 2015 jury trial. Bail Bonds was given 137 days to locate Alandt and produce him to the court. He was neither apprehended nor

present for court by the time of the scheduled bond-forfeiture hearing on February 8, 2016.

Bail Bonds has not offered any authority for its position that the State acted to prevent

Alandt's appearance, and we are not convinced the circumstances presented here require

reversal of the bond-forfeiture judgment. Accordingly, we affirm.

Affirmed.

VAUGHT and BROWN, JJ., agree.

*The Cannon Law Firm, P.L.C.*, by: *David R. Cannon*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Amanda Jegley*, Ass't Att'y Gen., for appellee.