Cite as 2023 Ark. App. 360

# ARKANSAS COURT OF APPEALS

DIVISION IV

No. CV-22-401

|  |  |
|---|---|
| BIG DADDY BAIL BONDING, INC. | **Opinion Delivered** August 30, 2023 |
| APPELLANT | APPEAL FROM THE JACKSON COUNTY CIRCUIT COURT [NO. 34CR-20-69] |
| V. | |
| STATE OF ARKANSAS | HONORABLE ROB RATTON, JUDGE |
| APPELLEE | AFFIRMED |

**WAYMOND M. BROWN, Judge**

Appellant Big Daddy Bail Bonding, Inc. (Big Daddy), appeals from a $300,000 bond-forfeiture judgment entered by the Jackson County Circuit Court. On appeal, Big Daddy argues that (1) the circuit court erred by not hearing oral motions made by appellant at the bond-forfeiture hearing; (2) there was insufficient evidence to find that the defendant failed to appear; (3) the circuit court lacked jurisdiction to enter the bond-forfeiture judgment; and (4) law enforcement agencies failed to make every reasonable effort to apprehend the defendant. We affirm.

After a February 11, 2020, shooting incident, Deandre Johnson was arrested in Jackson County and ultimately charged with the following offenses: simultaneous possession of drugs and firearms; terroristic act; possession of firearm by certain persons; aggravated assault; criminal mischief; possession of Schedule IV controlled substance with purpose to deliver; unauthorized use of property to facilitate crime; discharge of a firearm from car-second degree; possession of defaced

firearm—serial number irretrievable; and use or possession of paraphernalia to manufacture controlled substance—not methamphetamine or cocaine. On February 13, Big Daddy wrote a $300,000 bail bond to secure Johnson's appearance before the circuit court. Johnson failed to appear in court on July 6, 2021, as ordered by the circuit court, and on July 8, a bench warrant was issued for Johnson's arrest, and a summons was issued for Big Daddy to appear and show cause why the bail bond should not be forfeited.

On November 2, Big Daddy appeared before the court and requested additional time to produce Johnson. The State agreed to give Big Daddy until the next court date, December 15, to do so. At the December 15 hearing, Big Daddy again failed to produce Johnson to the court. The State indicated that the U.S. Marshals Service asked "that there be an additional grant of time." The State requested "that there be an automatic entry of judgment in this matter if Mr. Johnson is not produced in 60 days." The court granted the request, stating that if Johnson is not surrendered within the next sixty days, judgment would be issued on the sixty-first day. At the bond-forfeiture hearing held on February 14, 2022, Big Daddy appeared with counsel but still did not produce Johnson to the court and, likewise, failed to deliver him to the Jackson County jail. Big Daddy informed the court that it had oral motions to dismiss the bond forfeiture. Because no motions had been filed, the court observed, "[T]hat's not how we do it here." However, the court allowed counsel for Big Daddy to proffer the motions in detail. The court then stated, "The Court is going to take this under advisement so I can look at the court file, and I'll issue a ruling after I do that."

On March 9, the circuit court entered a $300,000 bond-forfeiture judgment against Big Daddy. In the judgment, the circuit court found that Big Daddy had failed to meet its obligation in guaranteeing Johnson's appearance before the court despite being given ample opportunity. The

circuit court also found that Big Daddy provided no excusable reason for its failure to produce Johnson. This appeal followed.

On appeal, Big Daddy first argues the circuit court erred by not hearing oral motions made at the bond-forfeiture hearing. Big Daddy acknowledges that the circuit court "did allow counsel for [Big Daddy] to proffer motions regarding the insufficiency of the evidence on the record regarding the Defendant's failure to appear, the clerk's failure to follow the statutory service requirements, and the reasonable efforts of law enforcement in apprehending the defendant." Nevertheless, Big Daddy contends it was error and an abuse of discretion for the court to "not allow [Big Daddy] to make motions and have them ruled upon at the hearing on February 14, 2022."

Contrary to Big Daddy's argument, the circuit court did not refuse to hear the oral motions to dismiss. The court allowed Big Daddy the latitude to present its motions and gave the State an opportunity to respond. The court then stated that it would take the issues under advisement and issue a ruling after it did so. The court's failure to specifically mention the motions in the resulting bond-forfeiture judgment does not amount to a failure to consider.

Big Daddy next argues there was insufficient evidence to find that Johnson failed to appear. Specifically, Big Daddy contends, "There is no substantial evidence on the record that the Defendant was informed of the date and time of his hearing on July 6, 2021. Because there is insufficient evidence on the record to sustain a finding that the Defendant failed to appear, there is insufficient evidence to sustain a bond forfeiture judgment based on the Defendant not appearing at the hearing." Big Daddy argues that the only evidence confirming that Johnson had notice of the date and time of the hearing came from his attorney, who acknowledged that Johnson was aware that he needed to be

3

at the hearing. Big Daddy argues this admission was inadmissible because it is confidential communications between an attorney and his client.

The surety is responsible for the defendant's appearance any time it is lawfully required.[1] And the circuit court shall adjudge the defendant's bond to be forfeited if he fails to appear.[2] Proceedings after forfeiture are summary and merely afford the surety an opportunity to be heard with respect to remission of all or some part of the forfeiture.[3] The surety is not released from forfeiture, however, except when an act of God, the State, a public enemy, or actual duress prevents the defendant's appearance.[4] Absent one of those excuses, the defendant's failure to appear at the time fixed is a sufficient basis for forfeiture.[5]

A bond forfeiture is a civil action, not a criminal one. Big Daddy erroneously applies the burden of proof in a criminal case in this bond-forfeiture appeal. Here, Big Daddy had the burden of offering proof or argument as to why the bail bond should not be forfeited.[6] When a bail-bond company agrees to write a bond for a criminal defendant, it assumes responsibility for the defendant's

---

[1] *M&M Bonding Co. v. State*, 59 Ark. App. 228, 955 S.W.2d 521 (1997).

[2] Ark. Code Ann. § 16-84-207(b)(1) (Supp. 2021).

[3] *M&M Bonding Co.*, *supra*.

[4] *Id.*

[5] *Id.*

[6] *See Arvis Harper Bail Bonds, Inc. v. State*, 91 Ark. App. 95, 208 S.W.3d 809 (2005).

4

whereabouts.[7]  The surety is tasked with keeping close track of the defendant and is responsible for securing his or her appearance when required by the circuit court.[8]

Here, Big Daddy was responsible for presenting Johnson at the July 6, 2021 hearing.  Big Daddy's responsibility did not hinge on whether Johnson had notice of the hearing.  Johnson failed to appear.  Absent evidence that an act of God, the State, a public enemy, or actual duress prevented Johnson's appearance in court for the hearing, Big Daddy, as the surety, could not be released from the forfeiture.

Big Daddy next argues that the circuit court lacked jurisdiction to enter the bond-forfeiture judgment.  Arkansas law is well settled that service of valid process is necessary to give a court jurisdiction over a defendant.[9] Statutory service requirements, being in derogation of common-law rights, must be strictly construed, and compliance with them must be exact.[10]  Big Daddy asserts three errors in the issuance of the summons following Johnson's failure to appear for the July 6, 2021 hearing.  First, Big Daddy asserts that the clerk failed to issue the summons "immediately" pursuant to Arkansas Code Annotated section 16-84-207.  Next, Big Daddy argues that the summons did not provide notice of Johnson's failure to appear pursuant to Arkansas Code Annotated section 16-84-207(b)(2)(A). Finally, Big Daddy contends that the summons failed to directly quote the required statutory language when demanding Big Daddy's personal appearance.

---

[7]*Kathy's Bail Bonds, Inc. v. State*, 2016 Ark. App. 586, 508 S.W.3d 89.

[8]*M&M Bonding Co.*, *supra*.

[9]*First Ark. Bail Bonds, Inc. v. State*, 373 Ark. 463, 284 S.W.3d 525 (2008).

[10]*Id.*

The defense of personal jurisdiction may be waived; in deciding whether a defendant has waived his rights and entered an appearance, a determining factor is whether the defendant seeks affirmative relief.[11] Big Daddy waived any objections to the alleged defects in the summons when it appeared before the circuit court on November 2, 2021, raised no objection to the court's jurisdiction, and received a continuance.[12]

Last, Big Daddy argues that law enforcement agencies failed to make every reasonable effort to apprehend Johnson. Pursuant to Arkansas Code Annotated section 16-84-207(c)(3), the appropriate law enforcement agencies shall make every reasonable effort to apprehend the defendant. Here, Jackson County law enforcement issued a warrant for Johnson, the defendant. The warrant was then listed in the National Crime Information Center (NCIC) database as nonextraditable. Big Daddy argues that "because the Jackson County law enforcement willfully and unreasonably made the decision that extradition would not be authorized if the individual be located in another state, the surety was unable to secure the apprehension of the defendant in Arlington, TX in August 2021."[13] Big Daddy urges that as a result of the failure of the appropriate law enforcement agencies to make every reasonable effort to apprehend Johnson, the amount of the surety's liability should be exonerated.

---

[11]*Affordable Bail Bonds, Inc. v. State*, 2015 Ark. App. 44.

[12]*See id.*

[13]Big Daddy alleges that in August 2021, Johnson was located in Arlington, TX. However, the local authorities would not apprehend Johnson on the Jackson County warrant because it was listed as nonextraditable in the NCIC database.

Big Daddy cites no authority for its assertion that listing Johnson as nonextraditable and not authorizing his transport from out of state constitutes an unreasonable effort by law enforcement agencies to apprehend Johnson. Big Daddy further cites no authority and makes no convincing argument concerning what efforts are deemed reasonable and/or unreasonable, save for its blanket conclusion that the "non-extraditable" label was unreasonable. Law enforcement agencies' statutory duty to "make every reasonable effort" does not provide that a failure of such reasonable efforts necessarily constitutes good cause for the defendant's failure to appear.[14] We find no error on this point.

For the foregoing reasons, we affirm the circuit court's bond-forfeiture judgment entered against Big Daddy.

Affirmed.

ABRAMSON and GRUBER, JJ., agree.

*Ben Honaker*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.

---

[14]*See Hot Springs Bail Bond v. State*, 90 Ark. App. 370, 206 S.W.3d 306 (2005) (interpreting identical language in Ark. Code Ann. § 16-84-201(b)).