AAA BAIL BOND COMPANY *v.* STATE of Arkansas

CA 95-1065                                             929 S.W.2d 723

Court of Appeals of Arkansas
Division I
Opinion delivered September 25, 1996

*Robert S. Blatt* and *Timothy C. Sharum*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

OLLY NEAL, Judge. AAA Bail Bond Company appeals from an order of the Sebastian County Circuit Court directing that a

$3,000.00 bond issued by AAA to secure the appearance of Pradith Manyphanh be forfeited for AAA's failure to cause Manyphanh to appear at his revocation hearing. AAA advances two points in support of its contention that the order of the trial court was erroneous. We find nothing in the record to merit reversal of the trial court's decision and affirm.

Manyphanh entered a plea of guilty to the charges of breaking or entering and theft of property on December 4, 1987. As a result of the guilty plea Manyphanh received a five-year suspended sentence conditioned upon his payment of $2,586.13 in restitution, $585.25 in fines and court costs, and he was ordered to spend one day in the Arkansas Department of Correction.

On August 4, 1993, the State filed a petition to revoke Manyphanh's probation, stating that he had failed to pay $562.04 of the court ordered restitution and owed $585.25 toward his fine and court costs. Manyphanh was arrested, and on September 4, 1994, AAA issued a bail bond in the amount of $3,000.00 to secure Manyphanh's release. By letter dated September 21, 1994, AAA was notified that Manyphanh's case was scheduled for inquiry as to counsel on September 28, 1994. Manyphanh failed to appear and a bench warrant was issued for his arrest on October 5, 1994.

On February 23, 1995, the Sebastian County Circuit Court ordered a forfeiture of the $3,000.00 bail bond issued by AAA and ordered the company to appear and show cause why the bond should not be forfeited. At the forfeiture hearing, held on July 12, 1995, Manyphanh's attorney stated that he had been informed by someone in the prosecutor's office that the petition to revoke would be dismissed. AAA's counsel stated that he had relied on the information given to Manyphanh's counsel and believed that Manyphanh was free to leave the state, and therefore they thought that there was no reason to have Manyphanh present in court. The court ordered that the entire amount of the bond be forfeited. However, the forfeiture amount was reduced to $2,000.00 at the request of the prosecutor's office.

AAA contends that the bail bond forfeiture order should be reversed because AAA relied on erroneous information given to defendant's attorney by the prosecutor's office or in the alternative that the bond forfeiture amount was excessive.

We begin our analysis of this case with the basic notion

that there are certain duties that a surety must adhere to. It should be noted that the defendant, rather than being held in custody by the state, is released to the surety who assumes custody of him and is responsible to the court for his appearance at any time. *Bryce Bail Bonds, Inc. v. State*, 8 Ark. App. 85, 648 S.W.2d 832 (1983). Although the surety is not expected to keep the principal in physical restraint, he is expected to keep close track of his whereabouts and keep him within this state subject to the jurisdiction of the court. *Id.*

In the instant case, AAA received notice from the defendant's attorney that the defendant had left the state because he had been informed that the petition to revoke would be dismissed. AAA continued to rely upon this explanation, even after being served with notice of inquiry as to counsel and the defendant's subsequent failure to appear before the court as directed. In order to fully understand the authority of courts, with respect to a defendant's failure to appear at trial and subsequent forfeiture of bail bond, discussion of the relevant statute is necessary.

Arkansas Code Annotated §16-84-201 provides:

> (a) If the defendant fails to appear for trial or judgment, or at any other time when his presence in court may be lawfully required,... the court may direct the fact to be entered on the minutes, and shall issue an order requiring the surety to appear, on a date set by the court not less than ninety (90) days nor more than one hundred twenty (120) days after the issuance of the order, to show cause why the sum specified in the bail bond... should not be forfeited....
>
> ....
>
> (c) If the defendant is surrendered, arrested, or good cause is shown for his failure to appear before judgment is entered against the surety, the court shall exonerate a reasonable amount of the surety's liability under the bail bond. *However, if the surety causes the apprehension of the defendant, or the defendant is apprehended within one hundred twenty (120) days from the date of receipt of written notification to the surety of the defendant's failure to appear, no judgment or forfeiture of bond may be entered against the surety, except as provided in subsection (e) of this section.*

■ Thus, pursuant to code provisions, AAA could have received a portion or all of the $3,000.00 it had issued as surety for the defendant if it had secured Manyphanh's appearance before the court. However, where, as in this case, the surety failed to show that it exercised the effort required to return or attempt to effect the return of the defendant to custody, the forfeiture must be upheld. It must be noted that since Manyphanh was released to the custody of AAA, as surety, any reliance on the assertions of the defendant's attorney was in total disregard of the basic notion that it is the surety who is responsible for securing the appearance of its principal when so directed by the court.

It must also be noted that AAA's continued reliance upon the representations made to defendant's counsel were unreasonable in light of the fact that the court ordered forfeiture of the bond on February 23, 1995, and as of July 12, 1995, AAA had taken no steps to secure the return of the defendant.

■ AAA also contends that the forfeiture amount was excessive. As we have stated on previous occasions, an argument not raised at the trial court level will not be heard for the first time on appeal. *Arkansas Office of Child Support* v. *House,* 320 Ark. 423, 897 S.W.2d 565 (1995).

Affirmed.

ROGERS and MAYFIELD, JJ., agree.