
SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CV-15-541

| | |
|---|---|
| | **Opinion Delivered** March 30, 2016 |
| BETH'S BAIL BONDS, INC. | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, |
| APPELLANT | FIRST DIVISION |
| V. | [NOS. 60CR-13-2394, 60CV-15-912] |
| STATE OF ARKANSAS | HONORABLE LEON JOHNSON, JUDGE |
| APPELLEE | |
| | AFFIRMED |

## DAVID M. GLOVER, Judge

Beth's Bail Bonds, Inc. (Bail Bonds), appeals from the March 2, 2015 bond-forfeiture judgment and the March 9, 2015 order denying its motion to set aside the bond-forfeiture judgment. Bail Bonds raises four points of appeal: 1) the bond-forfeiture judgment should not have been entered because the defendant, Robert Lewis Ford, was in the Pulaski County Detention Center on the day of the hearing; 2) the trial court abused its discretion by not granting Bail Bonds a continuance to have counsel present; 3) the provisions of Arkansas Code Annotated section 16-84-207(Repl. 2005) were not followed in that the trial court did not issue a warrant when Ford missed his court date; and 4) the trial court abused its discretion by not setting aside the bond-forfeiture judgment pursuant to Rule 60 of the Arkansas Rules of Civil Procedure. We affirm.

Bail Bonds wrote a $20,000 bail bond for Robert Lewis Ford in Case No. CR13-2394. On November 17, 2014, Ford failed to appear for court, and a summons and order to show cause were sent to Bail Bonds on that day, ordering it to appear in court on February

23, 2015, and show cause why Ford's bond should not be forfeited due to his failure to appear. It is undisputed the February 23 hearing was cancelled due to inclement weather and rescheduled for February 25, 2015.

David Viele, who is not an attorney, appeared on behalf of Bail Bonds at the February 25, 2015 hearing. He informed the court that Bail Bonds's counsel was not available to come on that day, further explained that no warrant had been issued on Ford, and asked the court to reset the show-cause hearing for March 9, when another bail matter involving Ford and a different bail-bond company was to be addressed. The judge responded by saying, "All right. Judgment for the county for $20,000."

Ford was not present at the February 25 hearing, but Bail Bonds discovered that afternoon that he had been in the Pulaski County Jail since February 24, 2015. Thinking the bond-forfeiture judgment had already been entered, Bail Bonds filed a motion to set aside the forfeiture judgment on that same date, February 25, 2015. In it, Bail Bonds's basic arguments for setting aside the forfeiture were that Ford had been in custody since February 24; that he was still in custody at the time of the bond-forfeiture hearing on February 25; and that there was no evidence a warrant had ever been entered in the ACIC/NCIC system based on Ford's failure to appear on November 17, 2014.

On March 2, 2015, the trial court actually entered the bond-forfeiture judgment against Bail Bonds in the amount of $20,000. A hearing on the motion to set aside was held March 9, 2015. Bail Bonds's counsel was present at that hearing and argued the motion. The trial court denied the motion, and an order to that effect was entered on March 9, 2015.

SLIP OPINION

SLIP OPINION

For ease of discussion, we will address Bail Bonds's arguments in a slightly different order, beginning with the first and third points, followed by the second point and then the fourth point. Bail Bonds first contends the bond-forfeiture judgment should not have been entered because Ford was in the Pulaski County Detention Center on the day of the hearing. We disagree.

In *M & M Bonding Co. v. State*, 59 Ark. App. 228, 233, 955 S.W.2d 521, 524 (1997) (citations omitted), our court explained in pertinent part:

> Although the surety is not expected to keep the principal in physical restraint he is expected to keep close track of his whereabouts and keep him within this state subject to the jurisdiction of the court.
>
> The surety is not released from forfeiture except where an act of God, the State, or of a public enemy, or actual duress prevents appearance by the accused at the time fixed in the bond. Absent one of those excuses the failure of an accused to appear at the time fixed is sufficient basis for forfeiture.
>
> *Proceedings after forfeiture are summary ones*. The order to show cause pursuant to [the statute] *merely affords the bondsman an opportunity to be heard with respect to remission of all or some part of the forfeiture.*
>
> Where the principal does not appear there is no exoneration from liability under the bond, regardless of the extent of the search by the surety, if the surety shows no more than a disappearance of the principal. The trial court's authority to remit a forfeiture when the accused is subsequently surrendered by the surety is discretionary and that discretion will not be interfered with unless it is arbitrary or abused. It devolves upon the bail bondsman to establish facts which justify favorable action in the exercise of the trial court's discretion, and the failure to allow him even his expenses in this matter is not necessarily an abuse of the court's discretion. The mere fact that the bail takes the accused into custody after the forfeiture and surrenders him to the authorities, even during the same term of court, does not entitle the bail to a right to remission of the penalty, even though the return of the principal was at the expense of the surety.

(Emphasis in original.) *See also* Ark. Code Ann. § 16-84-207(b)(1) ("If the defendant fails to appear at any time when the defendant's presence is required under subsection (a) of this

SLIP OPINION

section, *the circuit court shall . . . adjudge the bail bond of the defendant or the money deposited in lieu thereof to be forfeited*, . . . .") (Emphasis added.)

Here, the most critical date regarding the bond forfeiture was November 17, 2014 — the date when Robert Ford failed to appear in court for a scheduled hearing. Bail Bonds acknowledges that more than seventy-five days had passed by the time Ford was confined in jail in February on different charges, making the issue one that clearly involved the trial court's discretion. *See* Ark. Code Ann. § 16-84-207(c)(2)(A). Further, Ford's capture was not achieved by Bail Bonds. Without citing any legal authority, and relying on an argument we do not find convincing, Bail Bonds asks us to reverse the bond-forfeiture judgment based on the fact Ford was in custody at the time of the show-cause hearing. We find no abuse of the trial court's discretion and decline to reverse the bond-forfeiture judgment on that basis.

Bail Bonds next contends the provisions of Arkansas Code Annotated section 16-84-207 were not followed because the trial court did not issue a warrant when the defendant missed his court date. Again, we find no basis for reversal.

Arkansas Code Annotated section 16-84-207 provides in pertinent part:

(b)(1)  If the defendant fails to appear at any time when the defendant's presence is required under section (a) of this section, *the circuit court shall* enter this fact by written order or docket entry, adjudge the bail bond of the defendant or the money deposited in lieu thereof to be forfeited, and *issue a warrant for the arrest of the defendant.*

(Emphasis added.)

It is undisputed that an arrest warrant for Ford was not issued immediately after he had failed to appear at the November hearing even though the trial court stated at the November hearing that one was to issue. In fact, an arrest warrant was not issued until after

Ford was already in jail on another charge. However, it is also undisputed the summons and show-cause order were entered the same day that Ford failed to appear.

Bail Bonds relies on *First Arkansas Bail Bonds, Inc. v. State*, 373 Ark. 463, 284 S.W.3d 525 (2008), to support its contention we should reverse the bond-forfeiture judgment because the trial court did not strictly comply with the requirements of Arkansas Code Annotated section 16-84-207(b)(1). We are not convinced. *First Arkansas* addressed with the statutory requirement that a summons be "immediately" issued to the surety by the circuit clerk. *See* Ark. Code Ann. § 16-84-207(b)(2)(B) ("The circuit clerk shall . . . [i]mmediately issue a summons on each surety. . . .") *First Arkansas* does not address the issuance of an arrest warrant, which is described in a different subsection of the statute. Our supreme court construed the statute "just as it reads, and [gave] the words their ordinary and usually accepted meaning in the common language," holding that the summons was not issued "immediately" as required by the statute. Our supreme court further explained, "Because our case law clearly states that we strictly construe statutory service requirements," reversal of the circuit court's forfeiture judgment was required.

Here, we are dealing with the issuance of an arrest warrant for a defendant who failed to appear, not the issuance of a summons on a surety, so the long history of case law requiring the strict construction of statutory-service requirements is not applicable. The subsection of the statute at issue here does not contain the directive for "immediate" issuance. Consequently, we do not find *First Arkansas* controlling, Bail Bonds has not offered any other authority for its position, and we are not convinced that the circumstances presented here require reversal of the bond-forfeiture judgment.

Bail Bonds next contends the trial court abused its discretion by not granting it a continuance to have counsel present at the February 25 show-cause hearing. We find no basis for reversal under this point.

Bail Bonds appeared in court through an agent, who explained that Bail Bonds's counsel was unable to be there. We agree with Bail Bonds's contention that a corporation cannot appear in court pro se—that it can only be represented in court through a licensed attorney. However, even if we were to conclude that the trial court abused its discretion in refusing to grant a continuance for the show-cause hearing, we are unable to find that Bail Bonds was prejudiced in any fashion.

Bail Bonds subsequently filed its motion to set aside the bond-forfeiture judgment, contending that Ford was in custody in Pulaski County on the date of the forfeiture hearing, and that there was no evidence a warrant had ever been entered in the ACIC/NCIC system as a result of Ford's failure to appear at the November hearing. Bail Bonds was afforded a hearing on this motion on March 9, 2015 where it was represented by counsel. In addition to the bases asserted in its motion, Bail Bonds also argued that the denial of its request for a continuance at the show-cause hearing provided a reason for setting aside the judgment.

We have already explained why the "in custody" and "lack of an arrest warrant" arguments have no merit, and Bail Bonds has provided no further rationale as to why the denial of its request for a continuance prejudiced its position. Consequently, Bail Bonds has not demonstrated in any fashion how it was harmed by the denial of a continuance, and we will not reverse the trial court under these circumstances when there has been no showing of prejudice.

For its final point of appeal, Bail Bonds contends the trial court abused its discretion by not setting aside the bond–forfeiture judgment pursuant to Rule 60 of the Arkansas Rules of Civil Procedure. We disagree.

In arguing its motion to set aside, Bail Bonds relied on the portion of Rule 60 that is designed "to prevent the miscarriage of justice":

> (a) *Ninety-Day Limitation.* To correct errors or mistakes or *to prevent the miscarriage of justice*, the court may modify or vacate a judgment, order or decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk.

(Emphasis added.) The motion to set aside listed two primary bases for doing so: 1) Ford had been in custody in the Pulaski County jail since February 24, 2015, which preceded the February 25 bond-forfeiture hearing; and 2) there was no evidence a warrant had been entered in the ACIC/NCIC system as a result of Ford's failure to appear. At the hearing on the motion, Bail Bonds additionally asserted the denial of its request for a continuance as a basis for setting the judgment aside. We have fully discussed these three issues and why they do not provide a basis for reversal of the bond-forfeiture judgment. Nor do they demonstrate that the trial court abused its discretion in denying the motion to set aside.

Affirmed.

KINARD and HOOFMAN, JJ., agree.

*Charles D. Hancock*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Bailey Kane*, Ass't Att'y Gen., for appellee.