Cite as 2022 Ark. App. 189

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-21-362

| | |
|---|---|
| FIRST ARKANSAS BAIL BONDS, INC. APPELLANT <br><br> V. <br><br> STATE OF ARKANSAS APPELLEE | Opinion Delivered April 27, 2022 <br><br> APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. 16JCR-18-50] <br><br> HONORABLE CINDY THYER, JUDGE <br><br> AFFIRMED |

**KENNETH S. HIXSON, Judge**

Appellant First Arkansas Bail Bonds, Inc. (First Arkansas), appeals from a $25,000 bond-forfeiture judgment entered by the Craighead County Circuit Court. On appeal, First Arkansas argues that the circuit court erred in entering the bond-forfeiture judgment because the defendant had been in custody in another state and was not returned to Arkansas upon his release. We affirm.

On November 21, 2017, Justin Whitmore was arrested in Craighead County for felony theft and obstructing governmental operations, and he was later charged with these offenses. On November 29, 2017, First Arkansas posted a $75,000 bail bond to secure Whitmore's appearance before the circuit court. The circuit court ordered Whitmore to appear in court for a plea and motions on May 21, 2018, and Whitmore failed to appear.

On May 22, 2018, the circuit court entered an order for the issuance of an arrest warrant and summons/order for surety to appear. In it, the circuit court ordered that a bench warrant be issued for Whitmore's immediate arrest. The circuit court also ordered the circuit clerk to notify First Arkansas that Whitmore should be surrendered to the sheriff as required by the terms of the bail bond and to notify First Arkansas to appear at a show-cause hearing on August 23, 2018, and show cause why the amount specified in the bail bond should not be forfeited.

On August 23, 2018, First Arkansas appeared at the show-cause hearing. Whitmore's whereabouts were unknown. The show-cause hearing was continued multiple times, and it was ultimately held on February 26, 2021. Whitmore was neither apprehended nor present for court by the time of the February 26, 2021, show-cause hearing.

At the hearing, First Arkansas alleged that Whitmore was jailed in Tennessee in 2019. According to First Arkansas, Whitmore was then paroled in Tennessee and began serving a jail sentence in Mississippi. First Arkansas stated that Whitmore was paroled in Mississippi in November 2020. However, First Arkansas was never able to locate Whitmore after his release from jail in Mississippi. First Arkansas indicated that it had been in contact with Whitmore's parole officer in Tennessee but had been unable to reach Whitmore's Mississippi parole officer. First Arkansas stated that "for some reason he never got back to Arkansas" and that "he just slipped through the cracks and never made it back here."

On April 5, 2021, the circuit court entered a bond-forfeiture judgment against First Arkansas. In the judgment, the circuit court found that, as of entry of the judgment,

2

Whitmore had not been surrendered or otherwise brought into custody. The circuit court found further that First Arkansas had not shown good cause why the bond should not be forfeited, and it ordered $25,000 of the $75,000 bond forfeited.

First Arkansas timely appealed from the bond-forfeiture judgment. First Arkansas argues that its bond should not have been forfeited because Whitmore had been in custody in another state, and the State of Arkansas failed to ensure that it had a hold on him to secure his presence in Craighead County Circuit Court upon his release. We disagree.

Arkansas Code Annotated section 16-84-207 prescribes the rules for actions on bail bonds in circuit courts and provides, in pertinent part, as follows:

> (a) If a bail bond is granted by a judicial officer, it shall be conditioned on the defendant's appearing for trial, surrendering in execution of the judgment, or appearing at any other time when his or her presence in circuit court may be lawfully required under Rule 9.5 or Rule 9.6 of the Arkansas Rules of Criminal Procedure, or any other rule.

> (b)(1) If the defendant fails to appear at any time when the defendant's presence is required under subsection (a) of this section, the circuit court shall enter this fact by written order or docket entry, adjudge the bail bond of the defendant or the money deposited in lieu thereof to be forfeited, and issue a warrant for the arrest of the defendant.

> (2) The circuit clerk shall:

>> (A) Notify the sheriff and each surety on the bail bond that the defendant should be surrendered to the sheriff as required by the terms of the bail bond; and

>> (B) Immediately issue a summons on each surety on the bail bond requiring the surety to personally appear on the date and time stated in the summons to show cause why judgment should not be rendered for the sum specified in the bail bond on account of the forfeiture.

(c)(1)(A) If the defendant is apprehended and brought before the circuit court within seventy-five (75) days of the date notification is sent under subdivision (b)(2)(A) of this section, then no judgment of forfeiture may be entered against the surety.

The basic premise to be followed in this type of case is that "[o]nce the defendant has failed to appear, the entire amount of the bond is subject to forfeiture. The surety is given the opportunity to present evidence why the bond should not be forfeited, or why the full amount of the bond should not be forfeited." *Bob Cole Bonding v. State*, 340 Ark. 641, 644, 13 S.W.3d 147, 149 (2000). The essence of a show-cause hearing is that the summoned bonding company should offer proof or argument as to why the bail bond should not be forfeited. *Id.*

In *M&M Bonding Co. v. State*, 59 Ark. App. 228, 233, 955 S.W.2d 521, 523–24 (1997), our court explained:

> [I]n determining a forfeiture of bail, the underlying basis for admitting one to bail must be considered. The defendant, rather than being held in custody by the State, is released to the surety who assumes custody of him and is responsible to the court for his appearance at any time. The defendant is regarded as being in the custody of his surety from the time of execution of the bond until he is discharged and his bail is considered a jailer of his own choosing. Although the surety is not expected to keep the principal in physical restraint, he is expected to keep close track of his whereabouts and keep him within this state subject to the jurisdiction of the court.
>
> The surety is not released from forfeiture except where an act of God, the State, or of a public enemy, or actual duress prevents appearance by the accused at the time fixed in the bond. Absent one of those excuses the failure of an accused to appear at the time fixed is sufficient basis for forfeiture.
>
> . . . .
>
> Where the principal does not appear there is no exoneration from liability under the bond, regardless of the extent of the search by the surety, if the surety shows no more than a disappearance of the principal. . . . It devolves upon the bail

4

bondsman to establish facts which justify favorable action in the exercise of the trial court's discretion[.]

(Citations omitted.)

First Arkansas cites *M&M Bonding* for its holding that the surety may be released from forfeiture when the appearance of the accused was prevented by an act of God, the State, a public enemy, or actual duress. First Arkansas contends that under the circumstances presented, it was an act of the State that prevented Whitmore's appearance before the circuit court. First Arkansas asserts that it was impossible to surrender Whitmore to the circuit court while he was incarcerated in Tennessee and Mississippi. First Arkansas states further that the State failed to ensure that it had a hold on Whitmore so he would be returned to Arkansas upon his release from jail in Mississippi. That being so, First Arkansas argues that it was an act of the State that prevented Whitmore's appearance and that the bond forfeiture should be reversed.

We conclude that First Arkansas's argument is meritless. First Arkansas focuses on the wrong time period. In *Beth's Bail Bonds, Inc. v. State*, 2016 Ark. App. 183, 486 S.W.3d 822, we explained that the most critical date regarding the bond forfeiture was the date when the defendant failed to appear in court for a scheduled hearing. In *AAA Bail Bond Co. v. State*, 55 Ark. App. 35, 929 S.W.2d 723 (1996), we held that the surety bears the primary responsibility for assuring the appearance of the defendant.

Here, Whitmore was ordered to appear in circuit court on May 21, 2018, and when First Arkansas failed to secure his appearance, the bond was subject to forfeiture. *See* Ark.

Code Ann. § 16-84-207(b)(1) (Supp. 2021) ("If the defendant fails to appear at any time when the defendant's presence is required under subsection (a) of this section, the circuit court shall . . . adjudge the bail bond of the defendant or the money deposited in lieu thereof to be forfeited[.]"); *see also Bob Cole Bonding v. State*, 340 Ark. 641, 644, 13 S.W.3d 147, 149 (2000) (holding that once the defendant has failed to appear, the entire amount of the bond is subject to forfeiture). The show-cause hearing was originally scheduled for August 23, 2018, the hearing was continued multiple times, and at no time did First Arkansas bring Whitmore before the court. Although Whitmore was apparently jailed in Tennessee sometime in 2019, this was long after he had been ordered to appear in Craighead County Circuit Court. First Arkansas assumed responsibility for Whitmore's appearance in circuit court, and because Whitmore failed to appear, it was First Arkansas's burden to present proof or argument at the show-cause hearing as to why the bond should not be forfeited. First Arkansas offered no proof or argument as to how an act of the State prevented Whitmore's presence at the May 21, 2018 hearing. Because First Arkansas failed to show cause why its bond should not be forfeited, we affirm the bond-forfeiture judgment entered by the circuit court.

Affirmed.

GLADWIN and KLAPPENBACH, JJ., agree.

*Wankum Law Firm*, by: *J. Jeff Wankum*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.